Thomas A. DORGER, Executor of the Estate of Una Dorger, Deceased, Appellant,

v.

Lawrence F. SCHOETTKER, as Mayor of the City of Lakeside Park, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 1, 1971.

Hugh Gregory, pro se.

Robert C. Cetrulo, O'Hara, Ruberg & Cetrulo, John A. Kohrman, Covington, for appellant.

Joseph L. Summe, F. Gofton Ware, Covington, for appellees.

STEINFELD, Judge.

Una Dorger, deceased, was the owner of real estate in Lakeside Park, a city of the fifth class. On December 28, 1965, appellant Thomas A. Dorger, executor of her estate, applied for a change of the zoning classification of that property. The application was denied on April 11, 1966, whereupon he sued in the Kenton Circuit Court on February 6, 1967, for an injunction to require the city to grant the zoning

change. The court entered judgment dismissing. Dorger appeals. We affirm.

The Dorger property is located at the perimeter of the city at the intersection of U.S. 25 and U.S. 42, two increasingly busy major thoroughfares. Its use has been residential for more than 40 years. East of it is located an apartment building which has been there for many years. Across the road, as well as west of the Dorger land, are now, and for many years have been, commercial uses including an automobile service station, a billboard, a tavern, a bank and a market. The Dorger residence is in poor state of repair but is habitable. The assessment for taxes is $18,500. The market value of it as a residence was appraised at $10,000, but an oil company offers to pay $60,000 for this property if it may be used as an automobile service station, which would require the zoning change requested.

Copies of minutes of the city council and the zoning commission show the decisions reached, but we are uninformed what was presented to either of those bodies as no record of the evidence there adduced, if any, was filed with this appeal. The owner charged that the city had acted arbitrarily, capriciously and unreasonably in refusing to grant the application for a change to commercial zoning. That argument is continued here, but no contention is made that the owner did not receive a due-process hearing. See City of Louisville, et al. v. McDonald, Ky., 470 S.W.2d 173 (1971).

At the circuit court hearing several witnesses testified for the applicant but none for the appellees. If that evidence was before the city council there was a basis on which it could have adjusted the zoning plan [(Wells v. Fiscal Court of Jefferson County, Ky., 457 S.W.2d 498 (1970)], but that basis was not so compelling as to require a change. The discretion rested with the legislative body of the city—not with the court. American Beauty Homes Corp. v. Louisville, etc., Ky., 379 S.W.2d 450 (1964).

It is contended that the attack on the action of the city council was not timely. Since we have found that the claim of appellant is without merit, we find it unnecessary to reach this question.

The judgment is affirmed.

All concur.