**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant,**

**v.**

**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Nelle P. Horlander, Appellees.**

Court of Appeals of Kentucky.

Feb. 21, 1969.

Robert G. Breetz, Lively M. Wilson, Stites, Peabody & Helm, Louisville, for appellant.

Paul E. Tierney, Ben J. Mann, Wm. G. Childers, Frankfort, Herbert L. Segal, Segal, Isenberg, Sales & Stewart, Louisville, for appellees.

REED, Judge.

This is an appeal from a judgment confirming an award of the Kentucky Unemployment Insurance Commission to Nelle P. Horlander, an employee of appellant, Southern Bell Telephone and Telegraph Company. We sustained a motion to grant the appeal herein because the case presented a question of first impression in this jurisdiction.

Mrs. Nelle P. Horlander has been an employee of the appellant for some fifteen years. Her job is that of service advisor in the Louisville office.

She is and was at all times mentioned herein a member of the Communication Workers of America, and this union was a party to a collective bargaining agreement with appellant. This collective bargaining agreement provides in part:

"In all maternity cases the employee shall present to the Company not later than the end of the fifth month of pregnancy a doctor's certificate stating the probable date of confinement. After the presentation of such certificate the Company shall grant the employee's request for a leave of absence if the leave is to begin not later than 60 days prior to the probable date of confinement. If the

employee fails to request such a leave the Company shall place the employee on a six months' leave of absence to begin 60 days prior to the probable date of confinement."

On January 27, 1964, Mrs. Horlander requested a maternity leave of absence and signed a form which recited that the request was for six months beginning March 14, 1964. By letter of February 10, 1964, the appellant granted this leave request and stated in the letter that the leave was granted in order to protect the term of service of the employee when and if re-employed. Mrs. Horlander's child was due May 15, 1964. The child was born on April 21, 1964. On April 22, 1964, she wrote a letter to appellant requesting a return to her former job on June 2, 1964. Appellant replied that there would not be a vacancy in her job at that time. She then filed a claim for unemployment benefits on June 8, 1964. Appellant protested her claim and a hearing was held before a referee of the Unemployment Insurance Commission. He found that Mrs. Horlander was eligible for unemployment benefits beginning with June 21, 1964. The employer appealed this decision of the referee to the Unemployment Insurance Commission which upheld the referee's decision and confirmed his findings. Appellant then appealed this decision to the circuit court. The circuit court confirmed the award.

It appears that she was paid these benefits until September 13, 1964. On September 14, 1964, the leave of absence expired and she returned to appellant's payroll and the unemployment compensation benefits ceased.

The hearing before the referee revealed that there was a sharp dispute between Mrs. Horlander and her supervisor concerning the circumstances surrounding the request for leave of absence with particular reference to the time period it was to continue. Mrs. Horlander testified that she clearly advised her supervisor that she wanted to return to work as soon as possible after the birth of her baby, because her husband was out of work and she had compelling personal reasons requiring her early return to employment. She further testified that her supervisor filled in the request form for a six-month period but with assurances to her that she could return to work as soon as she was able. Mrs. Horlander admitted that she signed this form with the six-month duration period in it, but explained her action by stating that she felt forced to do so because she believed she would lose her job if she refused to sign the form in the manner in which it was presented to her by the supervisor. The supervisor, on the other hand, testified that although Mrs. Horlander expressed the hope that she could return to work as soon as possible after the birth of her expected baby she, nevertheless, fully understood the duration of the leave of absence request and voluntarily agreed to it.

The decision of the referee stated as follows:

"Because the adjusted determination predicated its imposition of a benefit ineligibility upon the sole fact that claimant is in maternity-leave status, a wide latitude was allowed in the admission of evidence bearing upon discussions between claimant and the company which culminated in the company's granting of her written request for a six-month maternity leave. Such written request is a matter of record. Whether claimant orally requested a shorter leave and whether the company violated the collective-bargaining agreement by granting a leave of six months are matters appropriate for a grievance committee but are not within the jurisdiction of an unemployment insurance referee. The sole question before the referee is whether claimant has satisfied the availability-for-work requirements of the Kentucky Unemployment Insurance Law since June 8, 1964."

The referee thereafter noted that the commission had promulgated an adminis-

trative rule that ordinarily a claimant would not be presumed unavailable for work by virtue of maternity leave status except with respect to the eight-week period immediately preceding and the six-week period immediately following childbirth. He found that Mrs. Horlander's eligibility for benefits commenced some seven weeks following childbirth. He held that her availability for work should be determined by the same standards applicable to any other unemployment insurance claimant and that her maternity leave status would not be considered as removing her from the labor market except for the time prescribed by the administrative rule. The commission's order when this determination by the referee was appealed to it recited:

"The referee correctly applied the law to the facts in the case and his decision is not disturbed."

Thus, the commission adopted the findings of fact and conclusions of law of the referee as its own.

■ Judicial review of an award of the Unemployment Insurance Commission is governed by the general rule applicable to administrative actions. If the findings of fact are supported by substantial evidence of probative value, then they must be accepted as binding and it must then be determined whether or not the administrative agency has applied the correct rule of law to the facts so found. See Brown Hotel Company v. Edwards, Ky., 365 S.W.2d 299.

There is no real dispute by the parties concerning a proper construction of the collective bargaining agreement as such. As to maternity leaves of absence, the contractual understanding is clear. It is simply that if the employee fails to request such a leave, the employer shall place the employee on this status for a period of six months to begin sixty days prior to the probable date of confinement. If, on the other hand, the employee in fact requests such a leave, then the duration of the status is subject to agreement by the company and the employee; and any disagreement concerning the duration of the leave is subject to grievance procedures under the collective bargaining agreement, except that in no event may any leave exceed the period of two years. This contractual maternity leave assures the employee retention of seniority rights and terminal pay benefits during its term but does not assure re-employment at its expiration.

■ It seems to us that the administrative rule applied by the referee and by the commission did not purport to govern the situation where maternity leaves of absence were governed by a collective bargaining agreement applicable to the employee and employer concerned. It rather purported to apply to those situations where the employee was given no choice and where in the absence of contract or otherwise, the employer undertook to unilaterally control the situation. We need not pass on the validity of the regulation here. It simply does not apply to this situation.

■ The entire case argued by the commission and by the employee in support of the award hinges upon the basic proposition that it is a fact that the understanding between the employer and the employee under this collective bargaining agreement was that the term of this maternity leave was for a shorter period than six months. We cannot accept this proposition as a fact, because the referee and the commission both refused to make such a finding.

Under the facts as found by the administrative agency, it appears to us that the correct law to be applied is that set forth in the following cases: Southern Bell Telephone and Telegraph Company v. Department of Industrial Relations, 42 Ala. App. 351, 165 So.2d 128; Southwestern Bell Telephone Company v. Thornbrough, 232 Ark. 929, 341 S.W.2d 1; Southern Bell Telephone and Telegraph Company v. Administrator, Division of Employment Security, Dept. of Labor, La.App., 197 So.2d

169; Neely v. Industrial Commission of Missouri, etc., Mo.App., 379 S.W.2d 201. All of the foregoing cases consider the effect of a collective bargaining agreement in substantially the same form as is here presented. In each of them the employee took a maternity leave for an agreed specified period and in each of them it was held that during such specified leave the employee must be deemed to have voluntarily removed herself from the labor market for a cause which, though good, was not attributable to her employment. Each of the cited cases had the effect of determining that it was improper to charge the employer's reserve account for benefits paid to the employee during the term of the agreed maternity leave. We consider these cases to be soundly reasoned and representative of the weight of authority. We further consider them to be consistent with the fundamental approach taken by Chapter 341 of our statutes.

■ Therefore, in the instant case, it is our conclusion that the award of the Un-

employment Insurance Commission was in error as a matter of law because the determination erroneously applied an administrative rule to a situation not covered by the rule. The burden was upon the claimant to show her entitlement to benefits. In order to entitle her to benefits, she had the burden of persuading the commission to make a factual finding that under this collective bargaining agreement she and her employer agreed to a duration of her maternity leave of less than six months. This she failed to do, because both the referee and the commission expressly refused to make such a finding. The award of benefits to her was, therefore, erroneous.

The judgment of the circuit court confirming the award of the commission is reversed with directions to enter a new judgment reversing the award of the commission herein made charging the reserve account of appellant.

All concur.