Ann CETRULO et al., Appellants,

v.

CITY OF PARK HILLS, Kentucky et al., Appellees.

Court of Appeals of Kentucky.

June 20, 1975.

J. Gregory Wehrman, Wehrman & Wehrman, Covington, for appellants.

Martin W. Mitchell, Adams, Brooking, Stepner & Mitchell, Covington, for appellees.

Robert E. Ruberg, O'Hara, Ruberg, Cetrulo & Osborne, Covington, for appellee Martha F. Butler.

CULLEN, Commissioner.

The Kenton County and Municipal Planning and Zoning Commission approved a proposal by W. P. Butler Company for a "Planned Unit Development" (PUD), consisting of a seven-story condominium, on a 7½-acre tract of land owned by Martha F. Butler, in an R–1E zone in the City of Park Hills. Neighboring property owners who had protested the proposal brought suit in the circuit court to stop the project, on the grounds (1) that the action of the zoning authorities was invalid and (2) that the Butler tract was subject to deed restrictions limiting the use of the tract to residential use in the form of single-family dwellings. The circuit court dismissed the action by a summary judgment, from which the plaintiffs appeal.

The appellants argue that the approval of the PUD use of the Butler tract amounted to a *map amendment* within the meaning of

KRS 100.213, which involved *adjudicatory* action and which required properly supported findings of the facts set forth in KRS 100.213. The appellants maintain that the action of the zoning commission is invalid because it was not based on the required findings of fact supported by substantial evidence.

The appellants' contention is not sustainable because the zoning action in question was not a *map amendment* but was an approval of a use specifically authorized by the terms of a *text amendment* of the zoning ordinance. The zoning ordinance of the City of Park Hills, as it existed prior to the adoption of the amendment in question, authorized PUDs in various zoning districts (not including the R–1E district) if found by the zoning commission to meet designated standards. The use of this type of zoning regulation was approved by this court in Bellemeade Company v. Priddle, Ky., 503 S.W.2d 734. The Butler company made application to have the *ordinance amended* to permit PUDs in the R–1E district also, which would mean that the zoning commission then could consider a specific proposal for a specific PUD in that district. The application was given full consideration by the zoning commission at a public hearing, at which the protestants were heard, following which the commission recommended that the amendment be made. Thereafter, the city council amended the ordinance as recommended.

After the amendment to the ordinance was adopted, the Butler company submitted to the zoning commission the specific proposal for a condominium on the Butler tract. Another hearing was held and the commission then approved the proposal.

Plainly, the amendment of the ordinance was not adjudicative action, but was legislative in nature. The type of hearing required for that kind of action was held. See City of Louisville v. McDonald, Ky., 470 S.W.2d 173. Since it did not involve a map amendment, KRS 100.213 was not applicable and the findings set forth therein were not required to be made.

The action by the zoning commission in approving the specific proposal for the PUD on the Butler tract (after the ordinance was amended) might be considered adjudicatory in nature but the appellants do not claim that there was a denial of a due process hearing on that action or that the proposed project did not conform to the designated standards for a PUD.

It is our conclusion that the circuit court properly dismissed the complaint as concerned the action of the zoning authorities.

The argument that there is a deed restriction against a condominium on the Butler tract is based on a clause in the deed by which the Butlers acquired title to the 7½-acre tract, providing that "should the real estate herein conveyed be subdivided, each deed conveying any part thereof, or lot therein, shall contain restrictions thereon which shall be as similar as possible to, and in any event not less restrictive than, the restrictions heretofore imposed in the original conveyances of lots in Hillcrest Addition to Park Hills Subdivision." The relevant restriction referred to, in the conveyances of lots in Hillcrest (by deeds from the same grantor as in the deed to the Butlers), was that the lots "shall be used for residential purposes only * * * and only one dwelling shall be erected on each lot hereby conveyed."

By the plain language of the deed to the Butlers, the restriction referred to was not to become applicable to the Butler tract until it was subdivided; it clearly did not apply to use of the tract by the Butlers in its original unit. And in any event the obvious purpose of the restriction referred to was that multi-family dwellings not be put on lots of customary subdivision size, which purpose would not be defeated by erection of the proposed condominium on the tract of 7½ acres.

**630**

We conclude, therefore, that the judgment was correct as to the deed-restriction matter.

The judgment is affirmed.

All concur.