**ROSS BROTHERS CONSTRUCTION CO., Appellants,**

v.

**William H. CURNETTE, Foster C. Skaggs, Everette J. Mason, John W. Ferguson, Roger J. Ross, Bobby B. Salyer, Jonathon Whisman, Grover Allen, Elwood Estep, James O. Brown, Jack R. Adams, Ellis B. Ison, Arbie Arnett, Harry G. Allen, Victor Whisman, Willie Kelley and Kentucky Unemployment Insurance Commission, Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1984.

Discretionary Review Denied by Supreme Court June 27, 1984.

Gregory L. Monge and John I. Hanbury, Vanantwerp, Hughes, Monge & Jones, Ashland, for appellant.

James E. Isenberg, Thomas J. Schulz, Segal, Isenberg, Sales & Stewart, Louisville, for individual appellees.

Paul F. Fauri, Gen. Counsel, Cabinet for Human Resources, Frankfort, for Kentucky Unemployment Ins. Com'n.

Before HOWARD, McDONALD and WILHOIT, JJ.

HOWARD, Judge.

Appellant/employer appeals the judgment of the circuit court reversing the decision of the Unemployment Insurance Commission, wherein the Commission found the appellees/claimants to be disqualified from receiving benefits due to refusing suitable employment without cause.

Appellant, Ross Brothers Construction Company, is an employer engaged in the construction industry, employing a number of individuals belonging to various trades and crafts, including the members of Plumbers and Steam Fitters Local 248 of Ashland, Kentucky. Among the individuals in the employment of Ross Brothers were the appellees/claimants herein, all members of Local 248. The claimants had been in the employ of the Ross Brothers on a continuous basis for various lengths of time and were working on an Ashland Oil Refinery project. On July 3 and 4, 1981, the claimants were furloughed because of a lack of work. Claimants filed for unemployment benefits on July 5, 1981.

On July 31, 1981, August 3, 1981, and August 4, 1981, Ross Brothers mailed individual notices to the claimants offering them work at Semet Solvay, Ashland, Kentucky. They were asked to report to work on different dates during the week ending Saturday, August 8, 1981. Their duties and rate of pay would have remained unchanged.

The claimants refused the offers of work because Ross Brothers had not followed the procedure set forth in the "referral clause" of a collective bargaining agreement between Ross Brothers, as a member of Tri-State Contractors, and the Plumbers and Steam Fitters Local Union 248. The "referral clause" of the agreement states:

SECTION 1. The Union shall be the sole and exclusive source of referral of applicants for employment. The contractor shall submit request of specified numbers of individuals for employment not less than forty-eight (48) hours (excluding Saturdays, Sundays, and recognized Holidays) before the time the contractor wishes them to report for work. The contractor at that time shall indicate any special qualifications of the individuals, the location of the job and the reporting date and time.

. . . .

SECTION 5. If the registration list is exhausted and the Union is unable to refer applicants for employment to the requesting contractor within forty-eight (48) hours (as that time is defined hereinabove) from the time of receipt of the contractor's request, the contractor shall be free to obtain employees without the use of the referral procedure set forth herein; however, such employees, if hired, shall have the status of *temporary* employees. The contractor shall

notify the Union promptly of the names and social security numbers of such employees along with their full address and shall replace such temporary employees as soon as registered applicants for employment are available under the referral procedure.

The Union filed a grievance against the Ross Brothers and, on May 7, 1982, arbitrator Fred Kindig issued a decision holding that the Ross Brothers' offer constituted an illegal offer of work and that the company "cease and desist" from failing to comply with the referral system of the agreement.

The claimants were disqualified from receiving unemployment benefits from August 2, 1981, through the duration of their unemployment. The Commission found that the collective bargaining agreement had no effect upon the right to benefits, and as such, the claimants did not have good cause to refuse the offers of work by the Ross Brothers, pursuant to K.R.S. 341.-370(1)(a).

Claimants appealed to the Boyd County Circuit Court. The circuit court reversed the decision of the Commission, finding that Ross Brothers, by failing to abide by the "referral clause" of the collective bargaining agreement, failed in effect to offer work to the claimants. Not having offered work to them, the circuit court ruled there could be no failure to accept suitable work without good cause in violation of K.R.S. 341.370(1)(a). It is from this decision that Ross Brothers appeal.

Ross Brothers raise two issues on appeal: first, they contend the trial court exceeded the proper scope of review and erred as a matter of law in determining that Ross Brothers' offer of work was illegal and therefore no offer at all; next, Ross Brothers assert that the decision of the Commission correctly applied the law to the facts of the case and is supported by substantial evidence of probative value.

■ In *Southern Bell Telephone and Telegraph Company v. Kentucky Unemployment Insurance Commission*, Ky., 437 S.W.2d 775 (1969), it was stated:

Judicial review of an award of the Unemployment Insurance Commission is governed by the general rule applicable to administrative actions. If the findings of fact are supported by substantial evidence of probative value, then they must be accepted as binding and it must then be determined whether or not the administrative agency has applied the correct rule of law to the facts so found.

The Commission found as a matter of fact that the offers made by Ross Brothers to the claimants were illegal under the collective bargaining agreement. This finding is undisputed by the parties and is supported by substantial evidence. This finding is binding upon a reviewing court and is undisturbed by the court below.

However, the Commission ruled as a matter of law that the offers were offers for suitable work which the claimants refused without good cause. We agree with the circuit court that the Commission has applied an incorrect rule of law to the facts as found.

■ We hold that where it is claimed that an offer of suitable work has been refused in accordance with the terms of a collective bargaining agreement, the question of whether the claimants are entitled to unemployment benefits for the period after such refusal turns upon an interpretation of the controlling bargaining agreement. This standard was put forth in *Murray Operation of the Tappan Company v. Kentucky Unemployment Insurance Commission*, Ky.App., 583 S.W.2d 100 (1979), where this Court used the terms of a collective bargaining agreement to determine if claimants were voluntarily unemployed and ineligible for benefits.

The Commission clearly stated in its findings of fact that Ross Brothers had violated the collective bargaining agreement under the decision of an arbitration proceeding. As such, the offers of work were illegal under the agreement.

■ We disagree with the circuit court that an offer of work which is illegal under a collective bargaining agreement is no offer of work at all. Ross Brothers made an offer of suitable work to the claimants. K.R.S. 341.370 provides that a worker shall not receive benefits during any period of unemployment where:

> (a) He has failed without good cause either to apply for available, suitable work when so directed by the employment office, or the secretary or to accept suitable work when offered him, ....

Due to the nature of the offers as being illegal under the collective bargaining agreement, we find that the claimants had good cause to refuse the offer without being disqualified for unemployment benefits.

In *Murray*, employees were denied benefits because they did not follow the terms of a collective bargaining agreement with their employer in regards to an offer of work. Accordingly, the claimants herein cannot be denied benefits due to their adherence to a collective bargaining agreement with Ross Brothers.

For the foregoing reasons, the judgment of the circuit court is affirmed.

All concur.