DANVILLE–BOYLE COUNTY
PLANNING AND ZONING
COMMISSION, Movant,

v.

Thomas PRALL and Edna Prall, County
of Boyle, Respondents.

No. 91–SC–782–DG.

Supreme Court of Kentucky.

Nov. 19, 1992.

Elizabeth Nickels, Silliman, Dishman &
Nickels, Danville, for movant.

Helen C. Helton, Helton & Helton, Danville, for respondents, Pralls.

George M. McClure, Danville, for respondent, County of Boyle.

REYNOLDS, Justice.

This zoning case requires a definitive expression of this Court's views concerning basic requirements to be observed in the procedure of amending a Planned Unit Development.

Respondents, Thomas and Edna Prall, sought to have their agriculturally zoned property (11.03 acres) changed into the following classifications. The respondents requested that 9.06 acres be rezoned R–1 (low density residential) and the remaining 1.97 acres be rezoned C–2 (neighborhood commercial). The tracts, while separated by a creek, adjoined one another with the latter tract containing highway frontage. At a public hearing upon both zoning requests, the residential zoning was approved and is not the subject of this litigation. The C–2 zoning was coupled with and dependent upon a Planned Unit Development (PUD) procedure.

At the early 1987 zone change hearing, respondent, Thomas Prall, represented to the Commission and interested landowners that the residential development would be as restrictive or more stringent than those restrictions governing the adjacent residential subdivision. It was further represented that the neighborhood commercial (C–2) tract would be controlled. The respondents' development plan displayed one structure, a 6,000 square foot building, with pavement, adjoining gasoline pumps and parking areas. The structure was to be utilized for a convenience store and the rest of the 1.97 acre lot was to be a green space buffer zone with picnic tables, sidewalks and a bridge across the creek at the rear of the property. Respondent offered

assurances of his intentions as being portrayed by the development plan.

The C–2 zone change was approved and conditioned upon the Planned Unit Development (PUD). The Boyle Fiscal Court subsequently approved the rezoning with PUD.

The April 1, 1987, Planning and Zoning hearing resulted in the approval of the respondents' plat which was demonstrative of the Planned Unit Development.

While the idea of Planned Unit Development is a relatively new concept in zoning, usually with respect to residential development, it is useable in conjunction with a commercial concept. Control of density in the area to be developed is an essential part of the plan and the preservation of green/open space is another ingredient. Conformity to good landscaping as the respondents exhibited in the original development plan is also an objective. *See* 43 ALR3d p. 888 (1972).

In June 1988, respondents were permitted an amendment to the development plan only to the extent that the 6,000 square foot building could be internally divided into four distinct sections and with the use of one section being offered for a dry cleaning service.

Two years after the initial zoning and PUD (April 1989) respondents applied for a substantial additional amendment to their original development plan and sought permission to erect a second building (containing 3,600 feet) designed for professional and governmental offices. At the public hearings upon this latter application, respondent referred to the green space buffer area as vacant property. (May 17, June 7 and July 5, 1989). The request for this amendment was subsequently denied by the Commission, and upon appeal, Boyle Circuit Court affirmed the Commission's decision. The Kentucky Court of Appeals' opinion directed that the order of Boyle Circuit Court be vacated and the matter remanded with directions to order a "public hearing" upon the Pralls' application.

At issue is the type of hearing to which respondents were entitled upon the amend-ment application to the Planned Unit Development.

The zoning regulation speaks to Planned Unit Developments in Boyle County. It provides for a recognition of special characteristics of Planned Unit Developments. It evolves from a variety of devices coined to meet specific land use control problems. It has roots in open space zoning, special permit procedures, and subdivision techniques. Anderson, *American Law of Zoning,* Vol. 2, § 11.09 (1968).

The Pralls' tract of 1.97 acres was, in the past, utilized as a part of a drive-in theater type business and which area was improperly classified as an Agriculture–1 district. The application for zoning change to a Commercial–2 zone came before the Planning and Zoning Commission by public/open hearing in early 1987. At the initial hearing, the Pralls were represented by an attorney. Neighborhood residents (some in protest) were in attendance. The Pralls had agreed to a planned development project as a condition of the zone change which was subsequently approved by the Planning and Zoning Commission March 18, 1987.

■ No issue exists as to a lack of due process at either of the public hearings wherein the basic zone change was made and subsequently approved by the legislative body of Boyle County. The condition of attaching the Planned Unit Development to the zone change was initiated and agreed upon by the Pralls. Once legislatively adopted, the effect of a Planned United Development in a C–2 zone creates a separate zone designation for the property which is subject fully to the development plan. When established, the PUD district, in effect, constitutes a separate zoning district. *Bellemeade Co. v. Priddle,* Ky., 503 S.W.2d 734 (1974); *see also Cetrulo v. City of Park Hills,* Ky., 524 S.W.2d 628 (1975). A trial type hearing appears to have been fully complied with as pertains to the initial zone change.

Respondents maintain that their proposed amendment to the Planned Unit Development necessitated due process and that the Commission's failure to make spe-

cific findings of fact, coupled with the practice of permitting staff recommendations, denied them the right to a trial type hearing.

As it has been made to appear, and we agree, the Pralls' latter amendment constituted such a departure from the development plan which had been initially approved and followed for a period of two years, that either the zoning enforcement officer or the Commission could have denied the request to build a second business building without the necessity of affording a hearing. However, a hearing was granted and the Court of Appeals, in a 2—1 opinion, vacated and remanded the decision of Boyle Circuit Court. It found that the Commission's proceedings fell short of constitutional due process requirements; that no witnesses were sworn; no evidence was taken; and no findings of fact were made.

The application to diminish the green space buffer zone and to erect a 3,600 square foot office building thereon is, in effect, not a request for rezoning or map amendment. It is to be considered only as an expansion of activities within the geographical area which had heretofore been rezoned. Thus, entitlement to due process is questionable.

We agree with the cogent dissent in the Court of Appeals opinion which opined that the Pralls had the only hearing to which they were entitled when the original zone was changed from A–1 (agriculture) to C–2 (neighborhood commercial), with the Planned Unit Development. The requisite of a trial type hearing on the Pralls' application to expand creates a shadow of unfairness. In order to obtain the original C–2 zoning they submitted a final plan and, in effect, agreed not to expand.

The use of the Commission's staff report was not itself objectionable. Hearings of record were conducted on May 17, June 7, and July 5, 1989. Prall and counsel presented the case and answered questions. The staff report had been presented and the planning director attended and answered questions. The City Engineer responded to questions. The Planning Commission is statutorily authorized to employ a staff or such persons as may be necessary to accomplish assigned duties. KRS 100.173. An administrative body may utilize its staff which should be authorized to conduct preliminary investigation of the Commission's business. *Whispering Hills Country Club v. Ky. Com'n on Human Rights*, Ky., 475 S.W.2d 645 (1972). The planning director's report was comprised of competent evidence. The record discloses that a copy of the report plus time to both study and to respond to the report were afforded to the respondents. Stating that the rendition and the subsequent utilization of a staff report is invalid and violative of due process is not correct. *Smith v. State Bd. of Accountancy of Kentucky*, Ky., 271 S.W.2d 875 (1954).

The Court of Appeals rightfully held that utilization of the Commission's staff and the report are not, per se, objectionable. The party preparing the report was shown to have responded to inquiries and was available for examination. In this type case, the adoption of the findings of fact is not clear error. No statute or case requires that the Commission's findings be different from or completely independent of the staff findings.

■ Reference is made to the informal presentation of evidence, i.e., unsworn testimony. Although it may be better practice to swear witnesses appearing before the Zoning Commission, such procedure is not mandated nor is a failure to swear a witness constitutionally inadequate. The concept of constitutional due process in administrative hearings is flexible. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). This Court has held that due process, as defined in *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173 (1971) does not require, in the context of a Planning Commission hearing, the swearing of witnesses. Additionally, *Bellemeade Co. v. Priddle, supra,* provided:

> The Planning Commission conducted several public hearings. The opposing parties were represented by counsel who made comprehensive statements and furnished exhibits to the Commission. The Commission members asked questions,

cross examined speakers and received answers. *Although the witnesses who spoke were not sworn,* many stated reasons why they felt it was improper to grant the proposal. All were given a full opportunity to express themselves and to refute and contradict those who expressed contrary views. *This procedure sufficiently constituted trial-type hearings as required in City of Louisville v. McDonald,* Ky., 470 S.W.2d 173 (1971), under the circumstances presented here. (Emphasis added).

It is also significant to this decision that in the administrative proceeding the landowners had the burden of proof and to further present evidence to the Commission which would establish a prima facie case for the type relief sought. *Dawson v. Driver,* Ky., 420 S.W.2d 553 (1967). The respondent and attorney, the Commissioners and other individuals were freely permitted to ask questions and/or make statements. The respondents simply fell short of presenting sufficient evidence to persuade the Commission. *Lee v. International Harvester Co.,* Ky., 373 S.W.2d 418 (1963). Additionally, the Commission found that the expansion was not consistent with the comprehensive plan. This factor was sufficient upon which to deny the Pralls' request.

In zoning cases the standard of judicial review is set forth in *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission,* Ky., 379 S.W.2d 450 (1964). Basically, the judicial review of an administrative decision provides that those issues are confined to questions of law which are encompassed in the question: "Was the administrative decision arbitrary?" By arbitrary we mean clearly erroneous and by clearly erroneous we mean unsupported by substantial evidence. By unreasonable it is meant that under the evidence or as the record is presented that there is no room for difference of opinion among reasonable minds. *Crouch v. Police Merit Board,* Ky., 773 S.W.2d 461 (1989).

The record of these "hearings" would not support a claim of arbitrariness as there was no substantial evidence to compel a decision in favor of the landowners. The denial of the building expansion or activities may be further supported by a presumption in favor of the original zoning plan and coupled with the Planned United Development. The burden of proof was not upon the Commission. *American Beauty Homes Corp., supra.*

In this less than a full type trial hearing, there is a sufficient record to support the Commission's finding and decision and the Pralls' evidence did not compel a different result.

The decision of the Court of Appeals is reversed and the judgment of Boyle Circuit Court is affirmed.

All concur.