**Ronald W. BORKOWSKI, Appellant,**

v.

**COMMONWEALTH of Kentucky, Cabinet for Workforce Development, Department for Employment Services, Division of Unemployment Insurance, Kentucky Unemployment Insurance Commission, and Bork Marketing Group, LLC, Appellees.**

No. 2002–CA–002240–MR.

Court of Appeals of Kentucky.

Jan. 23, 2004.

Discretionary Review Denied Aug. 18, 2004.

---

Jackson W. White, Lexington, KY, for appellant.

Tamela A. Biggs, Frankfort, KY, for appellee, Kentucky Unemployment Insurance Commission.

Before BUCKINGHAM, COMBS, and DYCHE, Judges.

BUCKINGHAM, Judge.

Ronald W. Borkowski appeals from an opinion and order of the Franklin Circuit Court which affirmed an order of the Kentucky Unemployment Insurance Commission denying unemployment benefits to Borkowski. We affirm.

Bork Marketing Group, LLC, was organized under KRS[1] Chapter 275 as a Kentucky limited liability company. There were 46 members, who owned a total of 56 units of ownership in the company. Borkowski owned 11 units. Also, Borkowski was the manager of the company.

Bork Marketing ceased doing business on October 18, 2000. Thereafter, Borkowski filed a claim for unemployment benefits. His claim was denied on the ground that he was not engaged in covered employment.

Borkowski, who had been paid an annual salary of $100,000 for the performance of managerial duties for the company, appealed to the Commission. Noting that an LLC is treated as a partnership for tax purposes, the Commission held that "[s]ervices performed by partners in an LLC are not considered to be performed in covered employment." Therefore, the Commission affirmed the administrative determination that Borkowski was not entitled to benefits.

Borkowski appealed to the Franklin Circuit Court. The circuit court agreed with the Commission and found that there were substantial facts in the record upon which the Commission could rely in making its determination. After rendering an opinion and order affirming the Commission, this appeal by Borkowski followed.

■■■ Our review of this case is governed by the substantial evidence standard of review applicable to decisions made by administrative agencies. *See Kentucky Unemployment Ins. Comm'n v. Landmark Community Newspapers of Kentucky, Inc.*, Ky., 91 S.W.3d 575, 578 (2002). "If the findings of fact are supported by substantial evidence of probative value, then they must be accepted as binding and it must then be determined whether or not

the administrative agency has applied the correct rule of law to the facts so found." *Southern Bell Tel. & Tel. Co. v. Kentucky Unemployment Ins. Comm'n*, Ky., 437 S.W.2d 775, 778 (1969). Substantial evidence is defined as "evidence of substance and relative consequence having the fitness to induce conviction in the minds of reasonable [persons]." *Owens–Corning Fiberglas Corp. v. Golightly*, Ky., 976 S.W.2d 409, 414 (1998).

■■■ This court must also consider whether the decision of the administrative agency was arbitrary or clearly erroneous. A decision is said to be of such character if it is "unsupported by substantial evidence." *Danville–Boyle County Planning & Zoning Comm'n v. Prall*, Ky., 840 S.W.2d 205, 208 (1992). If there is any substantial evidence to support the decision of the administrative agency, "it cannot be found to be arbitrary and will be sustained." *Taylor v. Coblin*, Ky., 461 S.W.2d 78, 80 (1970). Thus, a final order of an administrative agency will be affirmed if this court finds the agency applied the correct rule of law to facts supported by substantial evidence. *Vanhoose v. Commonwealth*, Ky.App., 995 S.W.2d 389, 392 (1999).

"Covered employment" is addressed in KRS 341.050(1). It includes "[a]n individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." KRS 341.050(1)(a). It also includes "[a]n officer of a corporation." KRS 341.050(1)(b).

In the *Landmark Community Newspapers* case the Kentucky Supreme Court referred to the Restatement (Second) of Agency § 220(2) in determining whether an individual was an employee or an inde-

---

1. Kentucky Revised Statutes.

534

pendent contractor for the purpose of determining entitlement to unemployment benefits. *Id.* at 579. As the case *sub judice* is a case of first impression in Kentucky, we likewise turn to the Restatement (Second) of Agency for guidance. Specifically, we refer to Section 220(1).

Section 220(1) states that "[a] servant is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." [2] As that definition pertains to the facts of this case, we note that Borkowski referred in his testimony to Bork Marketing as being "my company." He also referred to an employee as "my other full-time employee." Additionally, Larry Simpson, CPA and chief financial officer of Bork Marketing, testified that Borkowski "made all the decisions pertaining to the operations of the company." Based on this testimony from Borkowski and Simpson, we conclude that the evidence to support the Commission's decision was substantial and did not compel a result to the contrary.

We note that the Commission based its decision on its belief that Borkowski was not "an officer of a corporation" so as to have "covered employment" pursuant to KRS 341.050(1)(b). In support of that position, the Commission noted that LLC members are treated as partners for tax purposes at both the state and federal level. The circuit court agreed with the Commission that "an officer of a corporation" does not encompass a member of an LLC for purposes of KRS 341.050(1)(b). The court noted that the Kentucky statutes clearly delineate between corporations and LLCs. *See* KRS Chapters 271 and 275.

Borkowski concedes that the Commission and the circuit court properly excluded him from the category of "an officer of a corporation." However, Borkowski argues that neither the Commission nor the circuit court addressed whether he would be entitled to benefits under KRS 341.050(1)(a) based on "the usual common law rules applicable in determining the employer-employee relationship." Based upon the evidence in this case and the Restatement (Second) of Agency § 220(1), we conclude that Borkowski was not an employee of Bork Marketing so as to be entitled to benefits under KRS 341.050(1)(a).

The opinion and order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

**2.** Comment g to Section 220(1) states that "in statutes dealing with various aspects of the relation between the two parties, the word 'employee' has largely displaced 'servant.' In general, this word is synonymous with servant."