RENDERED: MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0160-MR

FRANK ALEXANDER, II, AND
ROYA ALEXANDER                                                    APPELLANTS


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE BRIAN C. EDWARDS, JUDGE
                    ACTION NO. 19-CI-007201


LOUISVILLE METRO HISTORIC
LANDMARKS AND
PRESERVATION DISTRICTS
COMMISSION; LOUISVILLE
METRO PLANNING AND DESIGN
SERVICES; PAMELA J. HOLLADAY,
EXECUTRIX OF THE ESTATE OF
KIRBY W. HOLLADAY, JR.; AND
VICTORIA PLACE CONDOMINIUM
ASSOCIATION                                                         APPELLEES


                              OPINION
                             AFFIRMING

                          ** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Frank and Roya Alexander ("Alexanders") challenge a

Certificate of Appropriateness ("COA") issued to Kirby and Pamela Holladay

("Holladays") to build a concrete parking pad with retaining walls in the Old Louisville Historic Preservation District. Following the issuance of the COA, the Alexanders appealed the decision to the Louisville Metro Historic Landmarks and Preservation Districts Commission ("Commission"). The Commission denied their appeal, finding staff approval of the COA was not clearly erroneous. The Alexanders appealed to the Jefferson Circuit which affirmed the Commission. Finding no error, we affirm.

## BACKGROUND

The Alexanders and Holladays own adjacent property in the Old Louisville Historic Preservation District. The Holladays own a 15x30-foot parking easement on the Alexanders' property. In 2012, the Holladays constructed a concrete parking pad with retaining walls on the easement without the required COA.[1] In 2019, the Holladays retroactively sought and obtained the necessary COA to correct their error. Approval of the COA was conditioned upon the Holladays "obtain[ing] any necessary building permits." The COA also provided it did "not relieve the applicant of the responsibility for obtaining the necessary permits and approvals required by other governing agencies or authorities."

---

[1] The Louisville/Jefferson County Metro Government Code of Ordinances Section 32.257 requires a COA for any exterior alteration, which includes new construction, to a structure or site in a historic preservation district.

The Alexanders appealed the grant of the COA to the Commission which held a public hearing on October 17, 2019, where it heard testimony from Frank Alexander and other interested parties. Alexander challenged the issuance of the COA on numerous grounds, including that the parking pad violated the Louisville Metro Land Development Code ("LDC") and that staff, in approving the COA, failed to consider the LDC. The Commission denied the appeal, finding that staff was not clearly erroneous in issuing the COA. The Alexanders then appealed to the Jefferson Circuit Court, which following a hearing, affirmed the Commission. This appeal followed.

**STANDARD OF REVIEW**

"[Judicial] review is concerned with the question of *arbitrariness*." *Friends of Louisville Public Art, LLC v. Louisville/Jefferson Cnty. Metro Historic Landmarks and Preservation Districts Commission*, 671 S.W.3d 209, 213 (Ky. 2023) (citing *American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Commission*, 379 S.W.2d 450, 456 (Ky. 1964)). "That determination is comprised of three elements: 1) whether the agency acted in the exercise of its statutory powers; 2) whether a party affected by an administrative order received procedural due process; and 3) whether the agency action is supported by substantial evidence." *Id.* (citing *American Beauty Homes Corp.*, 379 S.W.2d at 456). "[I]n essence, on review the function of the Court is to ensure that

the agency's decision is based on substantial evidence of fact in the record and that the agency did not apply an incorrect rule of law." *Alliance for Kentucky's Future v. Environmental and Public Protection Cabinet*, 310 S.W.3d 681, 686 (Ky. App. 2008).

## ANALYSIS

The Alexanders argue the Commission applied the incorrect law by approving a COA that violated the LDC; the Commission's decision to approve the COA was not supported by substantial evidence; staff approval of the COA without a hearing violated the Alexanders' due process rights; and approval of the COA resulted in manifest injustice.

As an initial matter, the Alexanders' brief does not comply with Kentucky Rules of Appellate Procedure ("RAP") 32(A)(4), which requires "at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." Our rules require a preservation statement to assure the reviewing court that "the issue was properly presented to the trial court and therefore, is appropriate for our consideration." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). When a party fails to abide by the Rules of Appellate Procedure, we may choose "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions . . . ; or (3) to review the issues raised in the brief for manifest

injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citation omitted); *see also Ford v. Commonwealth*, 628 S.W.3d 147, 153-55 (Ky. 2021). Because the Alexanders' arguments fail on their merits, we ignore the deficiency and proceed with the review.

Turning to their first and primary argument, the Alexanders argue the Commission erred in approving the COA without considering whether the parking pad complied with local zoning laws and the LDC. The Alexanders claim the parking pad violated multiple provisions of the LDC and therefore the COA should not have been approved. The Commission responds that it is only responsible for considering whether proposed alterations meet the design guidelines; it has no authority over zoning issues.

The Alexanders point to one of the design guidelines for new construction, NC1, which states: "[m]ake sure that new designs conform to all other municipal regulations, including the Jefferson County Development Code and Zoning District Regulations." They argue this guideline requires the Commission to consider zoning laws and the LDC when approving COAs. They contend the Commission has a history of requiring applicants to get variances from other agencies as a condition of COA approval, citing former COAs.

Review of applications for COAs is governed by ordinance. *See* Louisville/Jefferson County Metro Government Code of Ordinances ("Ordinance")

Section 32.257. Applications are reviewed by Louisville Metro government staff or an Architectural Review Committee ("ARC"). Ordinances § 32.257(D). Where applications are reviewed by staff, as in this case, staff must "prepare a written decision supported by a finding of fact based upon the guidelines which shall approve the application, approve the application with conditions, or deny the application." Ordinance § 32.257(E). Approval depends on whether "the application demonstrates or fails to demonstrate that the proposed exterior alteration is in compliance with the guidelines." Ordinance § 32.257(J).

Here, staff found the Holladays' "project generally meets the [applicable] Old Louisville design guidelines . . . ." Relevant to the Alexanders' argument, staff determined the guidelines for new construction, including NC1, did not apply to the Holladays' proposed alteration.[2] From a review of the design guidelines, it is evident their focus is on preserving the historic character and features of buildings and neighborhoods, not ensuring compliance with zoning laws and development codes. Yet that does not mean zoning laws and development codes are irrelevant to applications for COAs. Ordinance §

---

[2] The Alexanders have provided no evidence or testimony that this determination was in error. In fact, a similar COA application for a parking pad was tendered to the circuit court by the Alexanders. The staff reviewing that application determined that the guidelines for new construction did not apply to that project either. "An administrative agency's interpretation of its own regulations is entitled to substantial deference." *Hughes v. Kentucky Horse Racing Authority*, 179 S.W.3d 865, 872 (Ky. App. 2004) (citation omitted).

32.255(B) states that staff has the responsibility to "[c]oordinate review of applications with the Department of Codes and Regulations and other Metro Government departments or agencies."

It is unknown whether staff coordinated the review of the Holladays' application with other relevant agencies. However, we are satisfied staff applied the correct law when granting the COA in this case. As noted above, when reviewing applications for COAs, staff checks to see if "the proposed exterior alteration is in compliance with the guidelines." Ordinance § 32.257(J). Here, staff reviewed the Holladays' application under applicable Site design guidelines ST1, ST3, ST4, ST7, ST18, and ST21 and determined that the project generally complied. Cynthia Elmore, Historic Preservation Officer for Louisville Metro, testified before the Commission that staff routinely approved COAs for similar parking pads with retaining walls.

Further, staff properly considered building codes and zoning laws when approving the COA. Like the COAs produced by the Alexanders, the Holladays' COA was conditionally approved, requiring them to "obtain any necessary building permits." The COA further cautioned that they were "not reliev[ed] . . . of [the] responsibility for obtaining the necessary permits and approvals required by other governing agencies or authorities." Thus, the

Holladays must still obtain the required permits or variances; but whether the parking pad violated zoning laws or the LDC did not affect COA approval.

The Commission also applied the correct law when reviewing staff approval of the COA. On appeal, the Commission was required to determine whether the approval of the COA should be upheld or overturned. Ordinance § 32.257(K). Approval of a COA can be overturned only "upon the written finding that the staff . . . was clearly erroneous as to a material finding of fact related to whether the proposed exterior alteration complied with the guidelines." *Id.* The Commission denied the appeal, finding the staff approval was not clearly erroneous. Further, the Commission heard testimony from multiple parties, including "the applicant, the property owner, appellant, or other interested parties for the purpose of supplementing the existing record or for the introduction of new information[,]" as allowed by Ordinance § 32.257(K). In sum, neither staff nor the Commission applied the incorrect rule of law.[3]

The Alexanders next argue that approval of the COA was not supported by substantial evidence. Specifically, they argue the Commission erred in affirming the COA because there was no evidence presented at the hearing of

---

[3] While the Alexanders make much in their brief of the Commission representing to the circuit court that a "certificate of appropriateness does not consider zoning laws," on appeal, we are only concerned with whether staff and the Commission's actions were arbitrary, including whether they applied the correct rule of law. As explained in this Opinion, we find no error in either agency's actions.

why staff approved it. The Alexanders' argument is a little unclear, as the COA, including staff's findings of fact in support, were incorporated into the Commission's record. Thus, they were aware of why staff approved the COA. Regardless, we find that approval of the COA was supported by substantial evidence.

As noted by the circuit court, the Commission heard testimony both for and against the COA, including testimony from staff that they were aware of the history of the site and its involvement with the judicial system, including the opinions and orders concerning the Holladays' easement. Evidence presented at the hearing showed that staff conducted a balanced review of the parking pad's compliance with applicable Site Design Guidelines 1, 3, 4, and 7. Staff found the parking pad complied with the applicable guidelines except Site Design Guideline 4, and staff instructed the Holladays on how to comply with this guideline in the future. Staff approval of the COA was not clearly erroneous.

The Alexanders also claim their due process rights were violated because they were not given notice and an opportunity to be heard before staff approved the COA. They cite *Department of Revenue, Finance and Administration Cabinet v. Wade*, 379 S.W.3d 134, 138 (Ky. 2012), for the rule that due process requires "an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Id.* (internal quotation marks and

citation omitted). First, we question whether the COA approval deprived the Alexanders of any significant property interest.[4] It only found that the parking pad complied with the design guidelines.

Further, notice and a hearing are not required with staff-level COA approval. Ordinance § 32.257(E) and (G). Regardless, the Alexanders received sufficient due process. Due process merely requires that all affected parties be given "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976) (internal quotation marks and citations omitted). Here, the Alexanders were afforded a meaningful opportunity to be heard by the Commission. Frank Alexander gave a PowerPoint presentation and spoke for almost 30 minutes in opposition to the COA. He was also given time for rebuttal.

The Alexanders contend the hearing before the Commission was not procedurally adequate because their legal burden had shifted to prove that staff's approval of the COA was clearly erroneous. But they cite no case law in support.

---

[4] After all, the COA approval was an after-the-fact approval of the parking pad design. The parking pad had been constructed for seven years at that point. In *Holladay v. Alexander*, No. 2015-CA-001718-MR, 2018 WL 2992976 (Ky. App. Jun. 15, 2018) (unpublished), a panel of this Court held that the Holladays have a valid easement to create and maintain a parking area on the Alexanders' property. *Id.* at *5. To the extent the Alexanders are concerned about violations of the LDC that affect their property, as stated above, the COA did not relieve the Holladays of the responsibility of obtaining the required permits and variances. As held in *Holladay*, 2018 WL 2992976, at *5 "[t]he Holladays . . . are required to follow all applicable laws in developing the easement . . . [and are liable] for any failure to do so."

"The concept of constitutional due process in administrative hearings is flexible." *Danville-Boyle County Planning and Zoning Comm'n v. Prall*, 840 S.W.2d 205, 207 (Ky. 1992). "As a general rule the yardstick of fairness is sufficiently broad to measure the validity of administrative action." *American Beauty Homes Corp.*, 379 S.W.2d at 457 (citation omitted). Here, the Commission's hearing procedure was fair. The Alexanders, and other interested parties, were allowed to present their reasons for and against the COA. Frank Alexander spoke for thirty minutes in opposition to the COA, far longer than any other participant. The Commission listened to his concerns and asked questions. He was also given the opportunity for rebuttal. In sum, we find no error.

Finally, the Alexanders argue that the issuance of the COA resulted in manifest injustice. The exact nature of their claim is uncertain. Manifest injustice is a "standard of review . . . reserved only for errors in appellate briefing related to the statement of preservation." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). The Alexanders rehash their claim that the COA approved violations of the LDC and that the Commission failed to consider the LDC when approving the COA. As noted above, approval of the COA did not relieve the Holladays of their responsibility to ensure the parking pad complied with the relevant zoning laws and land development codes. The COA specifically required the Holladays to acquire the necessary building permits and cautioned that they must still "obtain[]

the necessary . . . approvals required by other governing agencies or authorities."

We decline to address this argument further.

**CONCLUSION**

Based on the foregoing, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Bissell Roberts
Louisville, Kentucky

BRIEF FOR APPELLEES KIRBY W. HOLLADAY AND PAMELA HOLLADAY:

John H. Dwyer, Jr.
Janice M. Theriot
Louisville, Kentucky

BRIEF FOR APPELLEES LOUISVILLE METRO HISTORIC LANDMARKS AND PRESERVATION DISTRICTS COMMISSION AND LOUISVILLE METRO PLANNING AND DESIGN SERVICES:

Michael J. O'Connell
Jefferson County Attorney

Anne P. Scholtz
Travis J. Fiecher
Laura M. Ferguson
Assistant Jefferson County Attorneys
Louisville, Kentucky