CITY OF LOUISVILLE et al., Appellants,

v.

Ray L. McDONALD et al., Appellees.

Court of Appeals of Kentucky.

April 2, 1971.

Eugene H. Alvey, Director of Law, Bernard S. Goldstein, Asst. Director of Law, Louisville, for appellants.

James F. Steinfeld, Alex Berman, Louisville, for appellees.

REED, Judge.

This zoning case points up the necessity of a definitive expression of our views concerning basic requirements necessary to be observed in the procedure of rezoning of property. We must as a consequence delineate the scope of judicial review with respect to actions of the so-called "administrative" body (in this instance a planning and zoning commission) and the scope and extent of judicial review with respect to actions of the so-called "legislative" body (in this instance a board of aldermen).

The facts in this particular case are simple and will be briefly stated, but the picture presented by these facts is one that is all too prevalent. There is no good reason why courts should confine themselves to labels to which lip service only is paid; when an insistence upon observance of fundamental requirements of constitutional rights to due process and freedom from arbitrary action will breathe life into the unrealized desire that the public interest on the one hand, and the individual property owner's interest on the other hand, can be dealt with in a manner which strives for impartial and objective adjudication of disputes which arise when those interests collide—and the key word is "adjudication" —it surely is not "legislation" in the context of the problem with which we are concerned.

The Shaffer family owns an undeveloped two-and-one-half-acre tract of land in Louisville; this parcel of land for many years has been zoned R–5 (single family residence). This zoning classification is one provided by a comprehensive zoning plan of the City of Louisville. The Shaffers apparently contracted to sell this property to McDonald, a real estate developer, who desired to locate several apartment buildings in a complex on the Shaffer lot. This contract of sale must have been made subject to the condition that the property be rezoned in order to permit McDonald's proposed use. The Shaffer family and McDonald jointly applied to the Louisville and Jefferson County Planning and Zoning Commission for a rezoning of the subject property to a classification designated R–7, which permits high-density apartment use.

The Zoning Commission, after statutorily required public notice, held a public hearing at which evidence in favor of the application for the proposed zone change was heard. Objection from neighbors and evidence which sought to establish the invalidity of the zone change were also received. The commission caused a transcript of the hearing to be made and thereafter issued factual findings. These findings were: (1) The Shaffer property is adjacent to commercial property and is not suitable for single-family residences. (2) There is a need for apartment units in this area. (3) The subject property is a large tract occupied by a single-family residence and surrounded on the east, south and north by single-family residences. (4) There is commercial development on land across an alley to the west fronting on a major arterial highway. The commission concluded that "there had been major changes of an economic nature within the area involved which were not anticipated in the comprehensive plan and which have substantially altered the basic character of the area." It also concluded that the location of apartments on the subject property would "provide for an appropriate transition between existing commercial and single-family residential development."

These findings and conclusions, together with a recommendation to rezone the subject property to R–7, were transmitted to the board of aldermen of the City of Louisville. Then the Shaffer application was turned over to a zoning committee of aldermen headed by Alderman Noble. Mr. Noble had consulted with neighbors who objected to the proposed rezoning and had committed himself to oppose the rezoning of the property. This had occurred even before the public hearing by the zoning commission. The zoning committee of aldermen met at a local restaurant one morning for coffee and Chairman Noble informed the other members that he had committed himself to the objectors to oppose the rezoning—he had gone out on a limb. Some of the other aldermen on the committee then went out and viewed the property. When the board of aldermen met to consider the report of the zoning commission, Chairman Noble orally reported to the board that its zoning committee opposed adoption of the recommendation of the zoning commission. The aldermen unanimously voted to refuse any rezoning of the property.

The Shaffer family and McDonald instituted a declaratory judgment action in the circuit court. There evidence was heard which preponderantly established that the subject property could not feasibly be used for single-family residence purposes because of the change in conditions that had occurred since the adoption of the comprehensive zoning plan. It was the conclusion of the aldermen who testified in circuit court that the property should be used and zoned for multi-family residence purposes, but that the classification sought for such high-density occupancy was not feasible because it would unreasonably inconvenience the neighboring residents and would adversely affect the value of their properties.

The circuit judge declared the action of the board of aldermen to be arbitrary. He concluded that the legislative body had not afforded the applicant property owner due process. He directed that the property be rezoned for the classification sought. The city thereupon appealed that decision to this court.

The city argues that the action of its legislative body was neither arbitrary nor capricious and that the circuit court assumed a nonjudicial function when it directed the board of aldermen to rezone the property. The applicant property owner argues that the action of the board of aldermen was unreasonable, arbitrary and capricious and amounted to confiscation of property without due process of law. The property owner also urges that the circuit court did not assume a nonjudicial function when it determined that the city legislative body had acted in an arbitrary, unreasonable and capricious manner.

It seems to us that in the field of judicial review of zoning actions there has been a remarkable amount of confusion concerning basic constitutional concepts. We have recently said in Morris v. City of Catlettsburg, Ky., 437 S.W.2d 753 (1969), that procedural due process is required in the proceedings of an administrative body

performing zoning functions. Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018 (1951), declared that courts have the authority to prevent an administrative body from proceeding arbitrarily to the injury of another. In Puryear v. City of Greenville, Ky., 432 S.W.2d 437 (1968), we said that "properly amending an ordinance is a matter for the law-making bodies in the zoning process." In that opinion we declared that the burden was on the affected property owner to show that the legislative body had acted "arbitrarily." In Fritts v. City of Ashland, Ky., 348 S.W.2d 712 (1961), we held invalid as arbitrary an ordinance by the legislative body of the City of Ashland which had rezoned residential property to another classification which would have permitted industrial use.

In the Fritts case we invalidated a zone change because the action of the legislative body was found to be "arbitrary." In that opinion, we made the following significant comment:

"An examination of the multitude of zoning cases that have reached this court leads us to the conclusion that the common practice of zoning agencies, after the adoption of an original ordinance, is simply to wait until some property owner finds an opportunity to acquire a financial advantage by devoting his property to a use other than that for which it is zoned, and then struggle with the question of whether some excuse can be found for complying with his request for a rezoning. The result has been that in most of the rezoning cases reaching the courts there actually has been spot zoning and the courts have upheld or invalidated the change according to how flagrant the violation of true zoning principles has been. It is to be hoped that in the future zoning authorities will give recognition to the fact that an essential feature of zoning is *planning*."

That statement made in 1961 has had little discernible effect.

In 1966 the legislature enacted a new statutory body of law to regulate planning and zoning in the state. See KRS Chapter 100. The legislative language is far from precise. Nevertheless, KRS 100.211 appears to mean that a property owner or the planning commission or the legislative body may originate a proposal for "amendment to any zoning regulation."[1] KRS 100.213 states that before any "map amendment,"[2] is granted the planning commission or the legislative body must find that the map amendment is in agreement with the community's comprehensive plan unless it is specifically found that one or more of the following states of fact are presented: (1) The original zoning classification was inappropriate or improper. (2) Major changes of an economic, physical or social nature within the area involved which were not anticipated in the community's comprehensive plan have occurred which have substantially altered the basic character of the area for which rezoning is sought.

██ The zoning commission is required by KRS 100.211 to hold at least one public hearing after notice and then make recommendations to the legislative body concerning the rezoning; this section of the statute then declares that it shall take a majority of the entire legislative body to override the recommendation of the planning commission. The planning commission is clearly required to pursue a fact-finding process in rezoning applications. As the practice has been pursued, the question to be determined is whether the individual property owner and his individual property are entitled to relief from the operation of the comprehensive plan. The pros and cons usually involve the development of facts concerning the status of the affected individual's property with particular relation to whether the original zoning was inappropriate or whether there have been major changes of the character described

by the statute which permit granting of relief to such an affected applicant. We conclude, therefore, that the rationale of Morris v. City of Catlettsburg is applicable and constitutional due process requires a trial type of hearing for the purpose of determining the adjudicative facts necessary to decide the issue. The required procedural elements are spelled out in the opinion to which we have just referred. They include a hearing, the taking and weighing of offered evidence, a finding of fact based upon a consideration of the evidence and conclusions supported by substantial evidence.

██ The next problem presented is the scope and extent of judicial review so far as the action of the legislative body is concerned when it acts upon the findings, conclusions, and recommendation submitted to it by the zoning commission. More harmful than helpful is the proposition to which we have often given lip service that hearings are not required for legislative functions. The true principle is that a trial type of hearing is automatically required for disputes of adjudicative facts. See Davis Administrative Law Treatise, Sec. 7.03, p. 415.

Legislative facts may be determined without a hearing unless a hearing is required by legislation which is applicable to the body concerned. Even where a hearing is required in such instances, the hearing may permissibly take the form of an "argument type" hearing, rather than a "trial type" hearing. Thus the loose language in the Hatch opinion to the effect that the legislative body need not afford a hearing unless a statute so requires is in part true but is also in part false. See Davis, Administrative Law Treatise, Sec. 7.03, p. 419.

██ Trial-type hearings are not required for development of legislative facts. Thus, under KRS Chapter 100, when the

---

1. Apparently this language encompasses a proposal to rezone a particular parcel of property.

2. This apparently describes the method of rezoning a particular parcel of property.

local legislative body undertakes to enact a comprehensive plan which has general application throughout the community, or when it undertakes to formulate a rule that permits a special use within a particular zone as a matter of general application, or when it undertakes to enact a generally applicable zoning regulation, the facts to be considered do not relate as such to a particular individual or the status of his property. Hence, it can be correctly said in those situations that the legislative body is acting in a purely policy-making role, and, therefore, a trial-type hearing is not required by due process and probably is neither a feasible nor a practicable method.

■ The constitutional protection concerned is freedom from arbitrary action, but what is "arbitrary" depends to a pronounced degree upon the character of the facts which are developed prior to the taking of action by the legislative body. It would be incongruous to hold that the public and the individual property owner in a rezoning case are entitled to a trial-type hearing which involves the due process procedural requirements recited herein before the zoning commission in order to insure a recommendation that is free of arbitrary taint, but in the same case hold that in such situation the legislative body is completely free to disregard procedural due process and make the final judgment in the matter regardless of the absence of substantial evidence to support its factual findings and its decision. Here the local legislative body is not acting in a policy-making or law-making role, as the statute [3] makes abundantly clear; it rather is acting in an adjudicatory fashion to determine whether a particular individual by reason of particular facts peculiar to his property is entitled to some form of relief. Therefore, procedural due process requires at least that the local legislative body in rezoning matters act on the basis of a record and on the basis of substantial evidence.

We do not mean to say that when the local legislative body acts in a purported policy-making or law-making function as a result of having found legislative facts it is free to be "arbitrary." What we do mean to say, however, is that the concept of what is "arbitrary" is much more narrowly constricted in that event. In exercising the enumerated zoning procedures under KRS Chapter 100, when the local legislative body acts in a law-making or policy-making role with the result of such action generally applicable to all affected, its action is arbitrary if there is no rational connection between that action and the purpose for which the body's power to act exists. Where the existence of such rational connection is "fairly debatable" the action will not be disturbed by a court.

On the other hand, when the local legislative body is used as a vehicle not to make generally applicable law, rules or policy, but to decide whether a particular individual as a result of a factual situation peculiar to his situation is or is not entitled to some form of relief, then the so-called legislative body must act in accordance with the basic requirements of due process as are applicable generally. Judicial review in this particular situation to determine whether or not the action is "arbitrary" concerns itself with whether the basic elements of due process have been afforded including whether the action was based upon substantial evidence. To declare otherwise would sanction organized favoritism and perpetuate this anomaly: Constitutionally guaranteed freedom from arbitrary action applies only to recommendations and not to accomplished fact in rezoning cases.

■ Although we have not cast our discussion in terms of the separation of powers doctrine because to do so would be more confusing than helpful, it is, nevertheless, true that rezoning a parcel of property is intrinsically not a judicial function. Under American Beauty Homes Corp. v. Louisville, etc., Ky., 379 S.W.2d 450 (1964), judicial review is confined to a determination of whether the zoning action

3. KRS 100.211.

taken was arbitrary. A de novo trial in circuit court concerning what particular zone classification the property should receive is impermissible. If the zoning agencies observe due process requirements, judicial review is confined to the record made before those agencies.

■■■■ If the zoning commission conducts a trial-type due process hearing and based thereon makes factual findings and a recommendation, the legislative body may follow the commission's recommendation without a hearing or only an argument-type of hearing. The record made before the commission must adequately reflect the elements necessary for judicial review to determine whether the ultimate action was arbitrary. The legislative body may review the record made before the commission and determine from that evidence adjudicative facts which differ from those found by the commission. Again, in this event, the record made before the commission must reveal the proper elements to be considered on judicial review. The legislative body also may hold its own trial-type hearing and may find as a result thereof different adjudicative facts than those found by the commission. In any event, the ultimate decision must be made by the legislative body. If a legislative decision that affirmatively changes a zoning classification is made upon the basis of appropriate findings of either the commission or the legislative body, which are supported by substantial evidence adduced at the hearing, the legislative body's action will not be declared arbitrary. But when the legislative decision is simply a refusal to rezone, the problem becomes whether or not the evidence shows a compelling need for the rezoning sought or clearly demonstrates that the existing zoning classification is no longer appropriate. For a recent discussion of the changing concept of so-called "spot" zoning, see Wells v. Fiscal Court of Jefferson County, Ky., 457 S.W. 2d 498 (1970).

■■■ In the case before us, the legislative body acted arbitrarily. There was no trial-type due process hearing before it. The adjudicative facts found by the zoning commission do not support the legislative body's decision. The legislative body did not undertake to afford due process and find different adjudicative facts. Therefore, the circuit court correctly adjudged that the action of the board of aldermen was arbitrary and in this respect, the judgment is affirmed. To make a de novo determination, however, that the particular property should be rezoned in the particular classification recommended by the zoning commission was erroneous. Therefore, the legislative body should be directed to proceed as outlined herein in order to provide the material necessary for judicial review of its action.

The judgment is affirmed in part and reversed in part, with directions to enter a new judgment in accordance with this opinion.

All concur except STEINFELD, J., who did not sit.