**Marvin Leroy RIDENOUR and Annette K. Ridenour, Appellants,**

v.

**JESSAMINE COUNTY FISCAL COURT; James Ray Davis, Chester Floyd, Steve Gayheart, John Nickell, Terry Meckstroth, Jimmy Wells, Members of the Jessamine County Fiscal Court; William Neal Cassity, Judge Executive of Jessamine County, Appellees.**

No. 91–CA–1272–MR.

Court of Appeals of Kentucky.

Sept. 18, 1992.

Rehearing Denied Dec. 18, 1992.

Richard Murphy, Allen Scott Black, Lexington, for appellants.

Steven Goodrum, Robert T. Watson, Lexington, Howard Downing, Nicholasville, for appellees.

Before LESTER, C.J., and HAYES and JOHNSON, JJ.

HAYES, Judge:

The central questions in this appeal from the denial of a requested zoning change by

the Jessamine Fiscal Court concern the violation of appellants' rights to procedural due process, the alleged violation of Kentucky's Open Meetings Act, and whether the evidence supported the action of the fiscal court.

The facts of this case are not complex and are largely undisputed. Appellants sought a zoning change from A–1 (agricultural) to I–1 (light industrial) for a 2.5 acre tract of land in Jessamine County. A full public hearing on this request was conducted on November 14, 1989, after which the planning commission voted to recommend approval and entered findings of fact and conclusions of law which noted changes of an economic and physical nature having occurred in the area surrounding the subject property since the adoption of the comprehensive plan. Pursuant to KRS 100.-211, the recommendation of the planning commission was referred to fiscal court for final action. Appellants made numerous inquiries as to when the recommendation would be acted upon by the fiscal court, and in particular they made inquiry of the county judge/executive as to whether the matter would be considered at the regular meeting held on February 6, 1990. It is undisputed that Mr. Ridenour was told that the zoning change was not on the agenda for that evening; nevertheless, the fiscal court did consider the matter at that meeting without appellant in attendance and disapproved the zoning change. An appeal to the circuit court resulted in an affirmance of the decision of the fiscal court, precipitating this appeal. We are convinced that decision must be set aside.

Concerning the allegation that appellants' rights to procedural due process were violated by the denial of adequate notice of the consideration of their application by the fiscal court, we find the cases of *McKinstry v. Wells*, Ky.App., 548 S.W.2d 169 (1977), and *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173 (1971), to be dispositive. Appellees are quite correct that because the fiscal court considered the matter on the record without the reception of additional evidence or argument, as they are entitled to do under *McKinstry* and

*McDonald, supra*, the failure to afford appellants adequate notice was not prejudicial. The misinformation appellants received appears to have resulted from the honest belief of the county judge/executive the matter was not to be considered at the February 6th meeting and indeed it was not on the agenda, but was raised by the county attorney out of concern that time for fiscal court action under the statute was running out. Because the fiscal court's consideration was based solely on the record of the planning commission, we fail to see how appellants absence adversely affected their rights as they would not have been able to add any input to the proceedings had they been present. Appellants had one full-blown due process hearing at the planning commission level; they had no constitutional right to a second one when the fiscal court chose to review the matter solely on the record.

We are convinced, however, that appellants' argument with respect to violation of the Kentucky Open Meetings Act, KRS 61.805–61.845, is well-taken. Appellees submit that the fiscal court is a quasi-judicial body, exempted by the definitions of "public agency" found in KRS 61.805. We find the reasoning set out in *Stinson v. State Board of Accountancy*, Ky.App., 625 S.W.2d 589, 592 (1981), persuasive. In an analogous context, that court held:

> The Board argues that it is a quasi-judicial body excluded from the definition of "public agency" found in KRS 61.805. As aptly pointed out by Stinson, such an interpretation is illogical because any administrative body which occasionally holds hearings on certain matters, could exempt itself from the open meetings statutes. Also, if such were the case there would be no need for the exception to the open meeting requirement found in KRS 61.810(6), concerning disciplinary hearings, because any agency which held such hearings would be quasi-judicial and not within those agencies governed by the open meetings statutes.

We are of the opinion that had the legislature intended to exempt the fiscal court from the requirements of the Act in this

context it would have been included among the exceptions enumerated in KRS 61.810. Furthermore, KRS 61.830 renders action taken without substantial compliance with the act voidable. We view this failure to comply with the act, when coupled with consideration of evidence not properly before the reviewing body (to be more fully discussed infra), sufficiently prejudicial to warrant voidance of the action of the fiscal court.

 Appellants next assert that the fiscal court improperly considered and based its findings denying their zone change request "upon the record of a previous zone change request by the same applicant for the same property ..." when in fact the previous zoning request related to the entire tract rather than the 2.5 acres currently in issue. We agree. The circuit court acknowledged that the record of the previous zoning request was never made a part of the record concerning the 2.5 acres but stated "that there were several references made at this hearing about the prior Planning Commission proceeding." Because the fiscal court elected to review the recommendation of the planning commission solely on the record of that body, it is very clear to us that the fiscal court must confine itself to matters properly of record. Consideration of mere references to matters not of record resulted in a deprivation of appellants' right to due process in the review of this zoning request, requiring a reconsideration confined strictly to the record of the planning commission involving the 2.5 acres, and the entry of new findings based upon proper evidence.

Appellant's final argument concerns the denial of their claim for damages pursuant to 42 U.S.C. § 1983 stemming from the violation of their due process rights by the fiscal court. In light of our holding concerning the violation of appellants' due process rights, the circuit court upon remand shall reconsider the issue of § 1983 damages, as the proper resolution of such a claim lies in that tribunal, not in an appellate court.

The judgment of the Jessamine Circuit Court is reversed with directions to remand the case to the Jessamine County Fiscal Court for reconsideration in light of this opinion.

All concur.