RENDERED: DECEMBER 16, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0262-WC

MICHAEL O'BRYAN                                       APPELLANT


V.                      ON APPEAL FROM COURT OF APPEALS
CASE NO. 2018-CA-1284
WORKERS' COMPENSATION BOARD
NO. WC-15-80377


ZIP EXPRESS (CORRECTLY IDENTIFIED AS            APPELLEES
RAMP LOGISTICS, LLC); COMMONWEALTH
OF KENTUCKY, EX REL. DANIEL
CAMERON, ATTORNEY GENERAL;
HONORABLE JONATHAN R. WEATHERBY,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD


**OPINION OF THE COURT**

**<u>AFFIRMING</u>**

## I. BACKGROUND

Michael O'Bryan was in an automobile accident in the course of his employment for Zip Express on June 11, 2015. He was sixty-five years of age at the time. O'Bryan sustained numerous injuries in the accident, leading to his disability. An administrative law judge (ALJ) found O'Bryan to be permanently totally disabled and awarded him benefits which would continue so long as he remained disabled.

Both O'Bryan and Zip Express filed several petitions for rehearing from the ALJ's orders based on the termination of benefits pursuant to this Court's decision in *Parker v. Webster Cnty. Coal, LLC*, 529 S.W.3d 759 (Ky. 2017). *Parker* held the then-effective 1996 version of KRS 342.730(4) (concerning the termination of workers' compensation benefits) unconstitutional on equal protection grounds.

Once the *Parker* opinion became final, O'Bryan argued the 1994 version of KRS 342.730(4)—which provided no cap in benefits based on a claimant's age—should apply to his case. After the parties filed petitions for reconsideration based on the application of the 1994 statute, the ALJ entered his final order on February 21, 2018, ordering that O'Bryan's benefits continue as long as he remains disabled, regardless of age. On March 22, 2018, Zip Express appealed to the Workers' Compensation Board, arguing the newly-amended version of KRS 342.730(4) applied to O'Bryan's benefits and they should terminate when he attained the age of seventy. The statute had an effective date of July 14, 2018; though the appeal was filed before the statute's effective date, Zip Express argued the new statute should apply in the case. O'Bryan argued that the new statute was unconstitutional on several grounds, but the Board (as an administrative body) lacked authority to consider the constitutionality of the statute.

The Board issued its opinion on July 27, 2018—after the new statute's effective date. The Board held the amended statute controlled the case, as it applied to all claims "that have not been fully and finally adjudicated" and "for

2

which a date of injury . . . occurred on or after December 12, 1996." Therefore, the Board vacated the ALJ's order and remanded the claim back to him to enter an award terminating O'Bryan's benefits at age seventy.

O'Bryan appealed the Board's decision to the Court of Appeals. The appellate court considered O'Bryan's constitutional arguments, held the statute was constitutional, and affirmed the Board. O'Bryan now appeals to this Court, arguing KRS 342.730(4) is unconstitutional both on its face and as retroactively applied to his claim, as the statute: (1) denies him equal protection under the law; (2) denies his due process rights; (3) amounts to an absolute and arbitrary power; (4) constitutes prohibited special legislation; and (5) violates the requirement that all bills be read before each house in the Kentucky Legislature. For the following reasons, we affirm the Court of Appeals.

## II. ANALYSIS

In *Parker*, 529 S.W.3d 759, this Court found the then-current version of KRS 342.730(4) unconstitutional on equal protection grounds. The version of the statute in effect at that time tied the termination of workers' compensation benefits to the time at which the employee qualified for old-age Social Security benefits. This Court found this was an arbitrary distinction with no rational relation to a legitimate state interest. *Id.*

In *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), this Court considered whether a newly-amended version of KRS 342.730(4) could be applied retroactively. Quoting a Legislative Research Commission comment beneath

3

the statute, we held the amendment "applies to those cases which 'have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal [h]as not lapsed, as of the effective date of this Act.'" *Id.* at 44.

Whereas the pre-*Parker* version of KRS 342.730(4) linked workers' compensation benefit termination to the time at which the worker qualified for old-age Social Security benefits (and thereby violated an individual's right to equal protection under the law by arbitrarily treating similarly-situated individuals differently), the new version of the statutory subsection links the termination of benefits to the injured employee attaining a particular age. Under the amendment, a claimant's benefits terminate on his or her seventieth birthday or four years after his or her work injury or exposure, whichever occurs later. O'Bryan argues this statute is constitutionally infirm on multiple grounds.

## A. Equal Protection

O'Bryan first argues the amendment to KRS 342.730(4) violates his rights to equal protection under the law, as guaranteed by the United States and Kentucky Constitutions. The basis for his argument is that the amendment treats older injured workers and younger injured workers differently.

The 14th Amendment of the United States Constitution and Sections 1, 2, and 3 of the Kentucky Constitution contain the respective federal and state equal protection clauses. Their "goal . . . is to 'keep[ ] governmental decision

4

makers from treating differently persons who are in all relevant respects alike.'" *Vision Mining, Inc. v. Gardner*, 364 S.W.3d 455, 465 (Ky. 2011) (quoting *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992)).  Because "[w]orkers' compensation statutes concern matters of social and economic policy," if a rational basis or substantial and justifiable reason supports the classifications they create, we must uphold them.  *Id.* at 466 (citing *Cain v. Lodestar Energy, Inc.,* 302 S.W.3d 39, 42 (Ky. 2009)).  "In sum, we will uphold the age limitation here so long as it rationally relates to a legitimate state objective."  *Cates v. Kroger*, 627 S.W.3d 864, 871 (Ky. 2021).

As this Court has stated, "acts of the legislature carry a strong presumption of constitutionality."  *Wynn v. Ibold, Inc.*, 969 S.W.2d 695, 696 (Ky. 1998).  "Doubts regarding constitutionality must be resolved in favor of upholding the law."  *Cates*, 627 S.W.3d at 870.  Furthermore, "the principle of reducing workers' compensation benefits at an age when workers typically become eligible for alternative forms of income replacement is not new to Kentucky."  *Wynn*, 969 S.W.2d at 696.

We took up the constitutionality of the 2018 amendment to KRS 342.730(4) in *Cates*, 627 S.W.3d at 871, holding, "the current version of KRS 342.730(4) is not violative of the Equal Protection Clause because the age classification is rationally related to a legitimate state purpose."  We do not depart from that recent holding today.

As this Court held in *Parker*, "[t]he rational bases for treating younger and older workers differently [are]: (1) it prevents duplication of benefits; and

5

(2) it results in savings for the workers' compensation system." 529 S.W.3d at 768. Four years later, we stated, "we remain convinced that preventing a duplication of wage-loss protection programs and promoting the solvency of the workers' compensation system are legitimate state interests." *Cates*, 627 S.W.3d at 870. We are unpersuaded to deviate from this position by O'Bryan's arguments that KRS 342.730(4) does not prevent duplicative income replacement benefits, avoid duplicative governmental benefits, or provide a savings for the workers' compensation system; nor are we convinced that savings to the workers' compensation system is not a valid basis to uphold a statute in the face of an equal protection argument. Again, today, we hold the statute passes the rational basis test as it "treats alike all those who receive workers' compensation benefits." *Id.* at 871.

O'Bryan argues that even if the statutory amendment were constitutional on equal protection grounds (as we have held), it is unconstitutional to apply the statute retroactively to his claim, as his injury occurred before the effective date of the amendment. However, "[t]he legislature 'may amend the law and make the change applicable to pending cases, even when the amendment is outcome determinative.'" *Id.* (quoting *Bank Markazi v. Peterson*, 578 U.S. 212 (2016)). Here, this Court declared one version of the statutory subsection unconstitutional and the legislature passed a new subsection, providing for retroactive effect—and the legislature was within constitutional bounds in so doing.

O'Bryan also contends the statute is unconstitutional because it leads to the disparate treatment of similarly-situated individuals based upon whether their cases were appealed. O'Bryan argues Zip Express appealed, seeking the application of the new version of KRS 342.730(4), "for the sole purpose of keeping the case alive until after July 14, 2018," when the new statute would become effective. We have no way of discerning the intentions of the parties in the case—nor do we need to. As we held in *Holcim*, the statute "applies to those cases which 'have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal [h]as not lapsed, as of the effective date of this Act.'" 581 S.W.3d at 44. The legislature did not limit this directive only to cases which had been appealed; rather, it applied to all cases for which the appeals period had not lapsed. While this may lead to different treatment of similar parties whose cases were initially decided by an ALJ at the same time (one whose case was in the appellate process when KRS 342.730(4) became effective and the other whose case was not appealed and became final before the effective date), this does not present a constitutional infirmity. As we have recognized:

> As the United States Supreme Court opined, "[t]he 'task of classifying persons for . . . benefits . . . inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line,' *Mathews v. Diaz,* 426 U.S. 67, 83-84 (1976), and the fact the line might have been drawn differently at some points is a matter for legislative, rather than judicial, consideration." [*U.S. R.R. Retirement Bd. v.*] *Fritz,* 449 U.S. [166,] 179 [(1980)].

*Teco/Perry Cnty. Coal v. Feltner,* 582 S.W.3d 42, 48 (Ky. 2019).

## B. Due Process

O'Bryan next argues the retroactive application of KRS 342.730(4) stripped him of his property right to workers' compensation benefits in violation of his due process rights, as he did not receive prior notice or a hearing. He asserts the amendment was substantive, rather than remedial, and, therefore, amounts to an unconstitutional deprivation of due process. We addressed this issue in *Cates*, holding the claimants had no vested right in the duration and amount of their benefits "until they have received a final judgment in their favor." 627 S.W.3d at 873. The same is true here. Because O'Bryan had no vested right in the duration of his benefits, a statute terminating them at a specific age did not deny him due process.

## C. Absolute and Arbitrary Power

O'Bryan also contends KRS 342.730(4) is an exercise of absolute and arbitrary power in conflict with his rights pursuant to Sections 1, 2, and 3 of Kentucky's Constitution. Specifically, Section 2 of the Kentucky Constitution, reads, "[a]bsolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority." Courts in this Commonwealth have recognized for half a century that when a "legislative body acts in a purported policy-making or law-making function . . . the concept of what is 'arbitrary' is much more narrowly constricted . . . ." *City of Louisville v. McDonald*, 470 S.W.2d 173, 178 (Ky. 1971). Such an action is only "arbitrary if there is no rational connection between that action and the purpose for which the body's power to act exists. Where the existence of such

8

rational connection is 'fairly debatable' the action will not be disturbed by a court." *Id.*

This Court has "consistently held that treating older injured workers differently from younger injured workers is rationally related to the legitimate government interests in preventing a duplication of benefits and saving money for the workers' compensation system." *Cates*, 627 S.W.3d at 869. KRS 342.730(4) does not amount to an absolute and arbitrary exercise of power.

### D. Special Legislation

O'Bryan next argues KRS 342.730(4) violates Kentucky's constitutional provisions regarding special legislation found in Sections 59 and 60, as only certain statutes amended in the bill containing the legislation were made retroactive. He asserts the amendment applies only to injured *older* workers rather than *all* injured workers. Section 59 of the Kentucky Constitution states, in pertinent part:

> The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely:
>
> . . . .
>
> Fifth: To regulate the limitation of civil or criminal causes.
>
> . . . .
>
> Twenty-fourth: To regulate labor, trade, mining or manufacturing. . . .

O'Bryan links this argument to his equal protection argument—essentially arguing the legislation's retroactivity is arbitrary. He also makes the argument that older workers are discriminated against because, if they receive

9

permanent partial disability benefits, they will not receive the entirety of their awards, unlike younger injured workers. This is another attempt at making the same argument, under a different veil. We reject it, too, as *all* injured workers' benefits terminate at age seventy under the amendment.

This Court addressed a similar special legislation argument in *Cates*, 627 S.W.3d at 872, holding the amended statutory subsection was not special legislation as it did not apply "to a particular individual, object or locale." (Citing *Calloway Cnty. Sheriff's Dep't v. Woodall*, 607 S.W.3d 557, 573 (Ky. 2020)). We held in *Cates*, "[t]he argument that the statute differentiates between older and younger workers is a *classification* argument, which is properly considered under sections 1, 2, and 3 of the Kentucky Constitution." *Id.* And, just as in *Cates*, we reiterate: "KRS 342.730(4) is simply not special legislation." *Id.*

### E. Three Readings Requirement

Finally, O'Bryan argues the amendment to KRS 342.730(4) violated Section 46 of the Kentucky Constitution, as it was not "read at length on three different days" in the House of Representatives *after* the Senate amended the bill. While he does not point the Court to the specific changes in the statute between the readings in the House of Representatives and the bill's passage in the Senate, O'Bryan refers to them as "significant." In fact, the original bill read in the House specified that benefits would terminate at age sixty-seven or two years after an accident or final injurious exposure. After the amendments made in the House and Senate and the Senate's Committee Substitute, the

10

final bill did not terminate benefits until age seventy or four years after an accident or exposure. While this is, in fact, "significant" in the respect that it has the potential to entitle workers to three more years' benefits, this change was not so significant as to require the bill be re-read three times in the House.

As this Court has stated, "[o]f course, legislators may amend the text of a bill between its readings without running afoul of § 46." *Bevin v. Commonwealth ex rel. Beshear*, 563 S.W.3d 74, 91 (Ky. 2018). The Legislature did not have to read House Bill 2 into the record three more times in order to comport with Section 46. Here, "the revised text is some variation of the original text and remains consistent with the theme reflected in the title of the bill." *Id.*

### III. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals and remand this matter to the ALJ for further proceedings consistent with this opinion.

All sitting. All concur.

11

COUNSEL FOR APPELLANT:

Derek P. O'Bryan
Louisville, Kentucky

COUNSEL FOR APPELLEE:

R. Christion Hutson
Whitlow, Roberts, Houston & Straub, PLLC

COUNSEL FOR APPELLEE, COMMONWEALTH OF KENTUCKY, EX REL. DANIEL CAMERON, ATTORNEY GENERAL:

Matthew F. Kuhn
Brett R. Nolan
Alexander Y. Magera

ADMINISTRATIVE LAW JUDGE:

Hon. Jonathan R. Weatherby

WORKERS' COMPENSATION BOARD:

Michael W. Alvey
Chairman