# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 16, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0236-WC

ANTHONY HELTON                                        APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2019-CA-1757
WORKERS' COMPENSATION BOARD
NO. WC-15-81290

TM POWER ENTERPRISES, INC.;                            APPELLEES
COMMONWEALTH OF KENTUCKY, EX
REL. DANIEL CAMERON, ATTORNEY
GENERAL; HONORABLE. GRANT S.
ROARK, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

## I. BACKGROUND

On June 9, 2013, Anthony Helton fell from a thirty-six-foot ladder in the course of his employment for TM Power Enterprises, Inc. As a result of the fall, Helton is now a paraplegic. Helton and Power Enterprises settled his workers' compensation claim in an agreement that requires Power Enterprises to pay Helton permanent disability benefits. The settlement agreement approved by the Administrative Law Judge provides: "[t]he parties recognize that KRS 342.730(4) states such benefits shall terminate when [Helton] reaches the age

of 70 . . . . Helton reserves the right to appeal the application of KRS 342.730(4) retroactively to his claim both on grounds of statutory construction and constitutionality of retroactive application of the statute."

Helton filed a motion asking the ALJ to rule on the issues not decided by the settlement agreement to determine the duration of his benefits pursuant to KRS 342.730(4). The ALJ determined Helton's benefits terminate when he reaches seventy years of age, but noted an administrative body may not address issues concerning the constitutionality of a statute. Helton appealed the ALJ's decision to the Workers' Compensation Board, which affirmed the ALJ and acknowledged it could not rule on the issues concerning the constitutionality of KRS 342.730(4).

Helton appealed the Board's decision to the Court of Appeals, which affirmed and held the statute was constitutional. He now appeals to this Court, arguing: (1) the application of the current version of KRS 342.730(4) to his award violates the contracts clauses of the federal and state constitutions; (2) the retroactive enactment of KRS 342.730(4) is an exercise of absolute and arbitrary power, in violation of Section 2 of the Kentucky Constitution; and (3) that KRS 342.730(4) is severable from the remainder of the statute and he should, therefore, be entitled to lifetime benefits. We disagree and affirm the Court of Appeals.

## II. ANALYSIS

KRS 342.730(4) concerns the termination of workers' compensation benefits. In *Parker v. Webster Cnty. Coal, LLC (Dotiki Mine)*, 529 S.W.3d 759

2

(Ky. 2017), this Court found the then-current 1996 version of KRS 342.730(4) unconstitutional on equal protection grounds. The 1996 version of the statute tied the termination of workers' compensation benefits to the time at which the employee qualified for normal old-age Social Security benefits. This Court held this was an arbitrary distinction with no rational relation to a legitimate state interest.

In *Holcim v. Swinford,* 581 S.W.3d 37 (Ky. 2019), we considered whether a 2018 version of KRS 342.730(4) could be applied retroactively. Quoting a Legislative Research Commission comment beneath the statute, this Court held in *Holcim* that the amendment "applies to those cases which 'have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal [h]as not lapsed, as of the effective date of this Act.'" *Id.* at 44.

Whereas the pre-*Parker* version of KRS 342.730(4) linked workers' compensation benefit termination to the time at which the worker qualified for old-age Social Security benefits (and thereby violated an individual's right to equal protection under the law by arbitrarily treating similarly-situated individuals differently), the 2018 version of the statutory subsection links the termination of benefits to the injured employee attaining a particular age. Under the amendment, a claimant's benefits terminate on his or her seventieth birthday or four years after his or her work injury or last injurious exposure, whichever occurs later. Helton argues this statute is constitutionally infirm on numerous grounds.

## A. Contracts Clause

Helton first argues the retroactive application of KRS 342.730(4) denies his rights under the contracts clauses of the federal and state constitutions. Both the Constitution of the United States and the Kentucky Constitution protect citizens of our Commonwealth from the state's infringement on their right to contract. Article 1, Section 10, Clause 2 of the United States Constitution reads, in pertinent part, "[n]o State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts . . . ." Likewise, Section 19 of the Kentucky Constitution provides, "[n]o ex post facto law, nor any law impairing the obligation of contracts, shall be enacted." Helton argues KRS 342.730(4) violates these contracts clauses.

In *Dowell v. Matthews Contracting*, 627 S.W.3d 890, 895 (Ky. 2021), this Court stated if "the fundamental premise of a Contracts Clause analysis—the existence of a contract—is absent . . . our analysis ends." *See Gen. Motors Corp. v. Romein*, 503 U.S. 181, 190 (1992) (holding Contracts Clause inapplicable because employer and employee did not assent to specific statutory terms). Therefore, we must first determine whether a contract exists in this case.

Helton "point[s] to no contract or place within the statutory scheme where [he is] guaranteed certain benefits that were mutually assented to and bargained for." *Dowell*, 627 S.W.3d at 895. This Court has held "the Workers' Compensation Act (WCA) does not constitute a contract between Kentucky workers and their employers or the state." *Id.* at 894. Rather than providing

contractual rights, we explained, "the WCA is a statutory scheme that may be amended as the General Assembly chooses, provided it fits within our constitutional framework." *Id.* at 894–95. "The workers' compensation system is controlled by the state and is governed by legislative enactments. It is not a contract . . . between employers and their employees. Changes to the relevant statutes, therefore, do not create a Contracts Clause issue." *Id.* at 896.

Since the Workers' Compensation Act does not constitute a contract, "a complete Contracts Clause analysis is unnecessary." *Id.* at 894. The protections of the clauses simply do not apply. "Because the WCA does not form a contract, there are no contractual rights that the amendment to KRS 342.730(4) could infringe." *Id.* at 895. Just as in *Dowell,* we hold there was no contracts clause violation.

## B. Absolute and Arbitrary Power

Helton also makes a fleeting reference to Section 2 of the Kentucky Constitution, which reads, "[a]bsolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority." Courts in this Commonwealth have recognized for half a century that when a "legislative body acts in a purported policy-making or law-making function . . . the concept of what is 'arbitrary' is much more narrowly constricted . . . ." *City of Louisville v. McDonald*, 470 S.W.2d 173, 178 (Ky. 1971). Such an action is only "arbitrary if there is no rational connection between that action and the purpose for which the body's power to act exists.

5

Where the existence of such rational connection is 'fairly debatable' the action will not be disturbed by a court." *Id.*

This Court has "consistently held that treating older injured workers differently from younger injured workers is rationally related to the legitimate government interests in preventing a duplication of benefits and saving money for the workers' compensation system." *Cates v. Kroger*, 627 S.W.3d 864, 869 (Ky. 2021). KRS 342.730(4) does not amount to an absolute and arbitrary exercise of power.

### C. Severability and Lifetime Benefits

Helton also argues that KRS 342.730(4) is severable from the remainder of the statute and that benefits should be paid for the duration of his life. Because the latest version of the statute applies and because there is no constitutional violation, this Court need not address these arguments due to its resolution of the contracts clause issue.

### III. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Christopher P. Evensen
Evensen Law Office, LLC


COUNSEL FOR APPELLEE, TM POWER ENTERPRISES, INC.:

Douglas A. U'Sellis
U'Sellis Mayer & Associates, PSC


COUNSEL FOR APPELLEE, COMMONWEALTH OF KENTUCKY, EX REL.
DANIEL CAMERON, ATTORNEY GENERAL:

Matthew F. Kuhn
Brett R. Nolan
Alexander Y. Magera


ADMINISTRATIVE LAW JUDGE:

Hon. Grant S. Roark


WORKERS' COMPENSATION BOARD:

Michael W. Alvey
Chairman

7