RENDERED: JUNE 14, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0690-MR

STEPHEN E. WAGLER AND ROSIE
M. WAGLER                                                          APPELLANTS


                    APPEAL FROM MASON CIRCUIT COURT
v.           HONORABLE JAY B. DELANEY, SPECIAL JUDGE
                        ACTION NO. 21-CI-00181


MASON COUNTY FISCAL COURT                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, GOODWINE, AND A. JONES, JUDGES.

GOODWINE, JUDGE:  Stephen E. Wagler and Rosie M. Wagler ("the Waglers")

appeal from a Mason Circuit Court order affirming the Mason County Fiscal

Court's decision to deny a zone map amendment and granting the Mason County

Fiscal Court's motion for an injunction.  The Waglers claim the circuit court erred

in affirming the fiscal court's decision, and finding they were afforded adequate

due process. The Waglers make no argument regarding the injunction. Based on our review, finding no error, we affirm.

## BACKGROUND

According to the Mason Circuit Court's order, "[i]n 2005, the [Waglers] established a local furniture store on their farm property abutting U.S. 68 just south of May's Lick, Kentucky at 5895 U.S. 68 which consisted of approximately five acres." Record (R.) at 94. The five-acre furniture store tract is part of a 130.74-acre tract owned by the Wagers and is zoned as "A-2 Agricultural." *Id.* Use of land zoned A2-Agricultural for retail furniture trade is specifically prohibited by the Mason County Land Use Ordinance. However, "[i]n 2015, the furniture business, Pleasant View Furniture, became 'grandfathered' in under the zoning code as it had been in existence for more than ten (10) years" and became a legal non-conforming use, to which the fiscal court stipulated below. *Id.*

In 2019, the Waglers "applied for, and were granted a building permit to construct a new [building] on three (3) acres adjacent to their present five (5) acre site. Said new building was originally intended only for feed/seed/garden /farm supplies." *Id.* at 95. A gardening/farm supply store is an agricultural use that is protected by the "zoning regulation, but [the fiscal court] did not authorize the operation of a retail furniture store on the site." *Id.*

In 2020, construction of the new building was completed. During the COVID-19 pandemic, the Waglers "changed the new building's use to furniture sales to be more economically feasible, expanding their existing furniture sales" from the existing building on the original five-acre tract. *Id.* The Waglers conceded "that the new building's use did not conform with the current zoning code." *Id.* However, in May 2020, they began advertising the new building "as their new 11,000 square foot showroom with their expanded inventory of furniture." *Id.* (internal quotation marks omitted).

On May 28, 2020, the fiscal court sent the Waglers "a letter informing them of the zoning violation and demanding the return of any retail furniture retail operation to its smaller footprint" in the original building. *Id.* Though the parties attempted negotiation, ultimately Mr. Wagler was charged with a misdemeanor for violating a county ordinance.

On April 13, 2021, the Waglers filed an application for a zoning map amendment seeking to rezone the eight acres "of their farm road frontage from 'A-2 Agricultural'" to "B-2 Highway Business.'" In the application, the Waglers argued that because they had an existing business on the property for more than ten years, rezoning would be an extension of the existing business and would not alter the character of the property. R. at 96.

On June 2, 2021, the Mason County Joint Planning Commission held a hearing on the Waglers' rezoning application. Administrative Officer George Larger submitted his staff report to the planning commission, and it was made part of the record. Larger's report summarized the Waglers' application, the mandatory procedure for the Waglers' application to be heard on the merits, and Larger's assessment of rezoning the area from A-2 Agricultural to B-2 Highway Business. The report concluded that rezoning would be "inappropriate and undesirable without the installation of adequate infrastructure." *Id.* Additionally, the report noted that "there is no public sewer available to it, and the chance of having public sewer access on the property in the near future is extremely low." *Id.*

The planning commission's findings of fact and Larger's report stated their concerns about traffic and whether granting the application would increase threats to highway safety. The report stated:

> Also, US 68 consists of two lanes at the property and for miles in either direction. Without a second lane on each side of US 68 in which other vehicles can pass, vehicles slowing down or stopping in order to enter or leave the property present a potential public safety hazard, especially when considering the commercial traffic that uses the highway. B-2 Highway Business is an intensive land use classification, so there should be adequate travel lanes to prevent traffic collisions due to the potentially high volume of patrons coming from and going to businesses located in such commercial zones.

R. at 97.

Then the planning commission heard the Waglers' argument in support of their application. The commission also heard questions and testimony from a few members of the general public, both in favor of and opposing the amendment. At the close of the hearing, the planning commission discussed the application in open session. The commission discussed:

> issues concerning traffic and whether granting the application would increase threats to highway safety. They compared the current application to a prior application of Dollar General for re-zoning just north of May's Lick that was denied in large part due to traffic concerns. They discussed prior re-zonings that were initiated by the Commission for property located on both sides of the AA highway west of Maysville and how those compared to the current application.

R. at 65. After discussion, the planning commission voted 5-2 to recommend approving the zoning amendment.

In its written findings of fact, conclusions of law, and recommendation, the planning commission concluded:

> That the requested map amendment is in conformity with the Comprehensive Plan in that the property in question sits on an urban corridor and is thus appropriate for commercial use. Additionally, there have been major changes of an economic, physical or social nature in the immediate area which were not anticipated in the adopted comprehensive plan and which have substantially altered the basic character of such area. The applicant's existing business, which is substantial, along with other new businesses in the area, have made what was once an agricultural area only more of a mixed use area.

R. at 65-66.

On July 13, 2021, the fiscal court held its first meeting regarding the Waglers' application for rezoning. The fiscal court limited its consideration of the proposed map amendment to the planning commission's record but allowed argument. At the first reading of Ordinance 21-06 regarding the application, the fiscal court rejected the planning commission's recommendation and denied the Waglers' request to rezone their property.

On August 10, 2021, the fiscal court held a second meeting regarding the application for rezoning. Again, the fiscal court heard no evidence, but arguments were presented in favor of and against rezoning. The fiscal court voted 3-1 against the Waglers' rezoning application and entered findings of fact and conclusions of law reflecting its decision to deny the rezoning application.

On August 30, 2021, the Waglers filed an appeal in the circuit court. The fiscal court filed a timely counterstatement and a counterclaim for temporary injunction. The circuit court noted that it did not receive notice that the case was ready for adjudication until October 20, 2022.

On January 2, 2023, the circuit court entered an order dismissing the Waglers' appeal and granting the fiscal court's motion for a temporary injunction. The injunction required the Waglers "to cease and desist the operation of a retail

furniture operation from the expanded site and to return such retail furniture operation to its earlier and ordinary use." R. at 104.

On January 4, 2023, the Waglers moved to alter, amend, or vacate the circuit court's order dismissing their appeal and granting temporary injunction. The Waglers argued their appeal constituted an original action, so they should have been permitted to conduct discovery. Additionally, they argued the fiscal court and circuit court erred in relying on the unsupported claims that there was a lack of infrastructure and traffic safety concerns in denying the rezoning application and affirming it. On May 10, 2023, the circuit court entered an order denying the Waglers' motion. The court found "discovery is not appropriate in this zoning appeals case," and the fiscal court's denial of the Waglers' application "was not arbitrary." R. at 115. This appeal followed.

On appeal, the Waglers argue the circuit court erred in: (1) disallowing discovery and (2) affirming the fiscal court's arbitrary decision. The Waglers make no argument regarding the injunction.

## **ANALYSIS**

First, the Waglers argue the circuit court erred in dismissing the action without allowing discovery because this was an original action. We disagree. "A challenge to a fiscal court's action must be designated an 'original action,' because the fiscal court is not a judicial court, which precludes an "appeal" *per se*.

Nonetheless, calling the proceeding an original action does not convert the review of a local legislative body's decision into a trial *de novo*." *Trimble Fiscal Court v. Snyder*, 866 S.W.2d 124, 127 (Ky. App. 1993) (citations omitted). Thus, "the circuit court was confined to the record made before the [planning] commission and before the legislative body." *City of Louisville v. Kavanaugh*, 495 S.W.2d 502, 505 (Ky. 1973).

Second, the Waglers argue the fiscal court's decision to deny their rezoning application was arbitrary and unsupported by substantial evidence. The fiscal court chose to rely on the planning commission's record and did not take further testimony or evidence. Instead, the fiscal court only heard argument. The Waglers take issue with the fiscal court's reliance on the planning commission's record. In their view, the fiscal court's findings regarding issues with the area's roadways, sewer, and other infrastructure were based on the planning commission's discussion. Still, the Waglers argue no actual evidence on these issues was presented to the planning commission. Thus, the Waglers argue the fiscal court's decision was not based on substantial evidence.

Because "zoning determinations are purely the responsibility and function of the legislative branch of government," our review is limited to whether the fiscal court's denial of the Wagler's zone map amendment application was arbitrary. *Hilltop Basic Resources, Inc. v. Cnty. of Boone*, 180 S.W.3d 464, 467

(Ky. 2005). "Arbitrariness review is limited to the consideration of three basic questions: (1) whether an action was taken in excess of granted powers, (2) whether affected parties were afforded procedural due process, and (3) whether determinations are supported by substantial evidentiary support." *Id.*

The Waglers do not argue that the fiscal court acted in excess of its granted powers, so we begin our review with whether they were afforded procedural due process. "[P]rocedural due process requires at least that the local legislative body in rezoning matters act on the basis of a record and on the basis of substantial evidence." *City of Louisville v. McDonald*, 470 S.W.2d 173, 178 (Ky. 1971). "So long as the staff report is composed of competent evidence, all interested parties are given an opportunity to study and respond to the report, and the party preparing the report is available for examination, then the Planning Commission's use of its staff report does not violate due process." *Warren Cnty. Citizens for Managed Growth, Inc. v. Board of Com'rs of City of Bowling Green*, 207 S.W.3d 7, 18 (Ky. App. 2006). Due process is satisfied at the planning commission level when "the staff report [is] introduced into the record," the administrative or executive officer is "subject to cross-examination at the public hearings[,]" and "[a]ll interested parties [are] permitted to introduce evidence and speak at the hearings." *Id.*

After the planning commission makes a recommendation, the fiscal court "may review the record made before the commission and determine from that evidence adjudicative facts which differ from those found by the commission." *McDonald*, 470 S.W.2d at 179. The fiscal court is not required to "hold its own trial-type hearing." *Id.* If "the legislative decision is simply a refusal to rezone" we must determine "whether or not the evidence shows a compelling need for the rezoning sought or clearly demonstrates that the existing zoning classification is no longer appropriate." *Id.*; KRS[1] 100.213(1)(a). "If the legislative body does not follow the recommendations of the planning and zoning commission, the legislative body must make its own findings of adjudicative facts. Any decision to grant or deny an application for zone map amendment must be supported by a finding of adjudicative facts." *McKinstry v. Wells*, 548 S.W.2d 169, 174 (Ky. App. 1977).

Based on our review of the record, the Waglers are incorrect that no evidence was presented to the planning commission. Their argument combines the procedural due process and substantial evidence factors for determining whether the fiscal court's decision was arbitrary. As to procedural due process, the planning commission considered Larger's staff report, Larger was subjected to cross-examination, and testimony was presented at the hearing. Though the fiscal

---

[1] Kentucky Revised Statutes.

-10-

court did not hold its own trial-type hearing and declined to follow the planning commission's recommendation, it relied on the planning commission's record in denying the rezoning application. Reliance on the record is all that is required. Thus, the Waglers were afforded procedural due process.

Finally, the fiscal court's denial of the rezoning application was supported by substantial evidence. "[T]he failure to grant administrative relief to one carrying the burden is arbitrary if the record compels a contrary decision in light of substantial evidence therein." *Bourbon Cnty. Bd. of Adjustment v. Currans*, 873 S.W.2d 836, 838 (Ky. App. 1994). "The rule in Kentucky is that if there is substantial evidence in the record to support an agency's findings, the findings will be upheld, even though there may be conflicting evidence in the record." *Kentucky Commission on Human Rights v. Fraser*, 625 S.W.2d 852, 856 (Ky. 1981).

Larger's staff report contains statements regarding a lack of infrastructure and potential traffic concerns. Conversely, the Waglers argued the rezoning application conforms to the comprehensive plan because the property is along an urban corridor. The A-2 Agricultural zoning classification is no longer appropriate because the land is already being used for the furniture business, and there are other commercial businesses nearby along US 68.

Based on the record before it, the fiscal court reasoned:

-11-

[T]he Fiscal Court finds that the entire area is zoned A-2 Agricultural and that the property subject to the application is two miles from the nearest commercial zoning classification, eight miles from the nearest B-1 General Business zone, and 11 miles from the nearest B-2 Highway Business zone. The Fiscal Court finds that the applicants' proposal of an operation equivalent to Wheat Ridge is not appropriate for the site, and the present classification as A-2 Agricultural is consistent with the Comprehensive Plan. Indeed, the surrounding area is zoned entirely agricultural, and to approve the map amendment as requested would constitute impermissible spot zoning. The Fiscal Court finds that the Comprehensive Plan requires any such rezoning to occur only "once infrastructure is improved.'" Pertinent infrastructure includes public water, sewer, and suitable roadways. The Fiscal Court finds that the site has public water but will not have public sewer for the foreseeable future. The Fiscal Court finds the current two-lane highway inadequate to support the higher volume of traffic anticipated with a zone change to B-2 Highway Business while ensuring the safety of the public. The Fiscal Court has grave concern over the danger created by the increase in traffic in the area and the hazards posed by any vehicle, let alone a large commercial vehicle, making direct entry to and exit from the site, particularly given the grade of the existing entrance.

R. at 101.

The circuit court found, and we agree, that the fiscal court complied with its obligation under KRS 100.213 to write separate adjudicative findings as to why it denied the Waglers' application and declined to follow the planning commission's recommendation. Thus, based on our review of the record, it does not compel a contrary result. Though there was conflicting evidence in the record,

-12-

substantial evidence supported the fiscal court's denial of the rezoning application based on its concerns about a lack of infrastructure and traffic safety.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the Mason Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANTS:

Alex D. Smith
Maysville, Kentucky

BRIEF FOR APPELLEE:

Robin David Rice
Assistant Mason County Attorney
Maysville, Kentucky